(No. 20822.—

EDA MESIROW, Appellee, *vs.* MAURICE ELIAS MESIROW, Appellant.

*Opinion filed October 23, 1931—Rehearing denied Dec. 4, 1931.*

LEVINSON, SCHER & ROSENFELD, (I. HARVEY LEVINSON, and LOUIS ROSENFELD, of counsel,) for appellant.

MITCHELL EDELSON, and CAMERON LATTER, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The appellee, Eda Mesirow, was divorced from the appellant by a decree of the circuit court of Cook county on December 28, 1928, and the parties having entered into a written agreement, subject to the approval of the court, in regard to the terms of the decree in reference to permanent alimony and their property rights, the agreement was set out at length in the decree and approved by the court, and it was ordered that the agreement and all of its provisions be fully performed by the parties and the parties were ordered to perform the agreement and all its terms. Among the things to be performed by the appellant was the payment of a solicitor's fee of $1000 and $45 a week alimony. The appellant afterward applied to the court for a modification of the decree. The appellee resisted this application and filed a petition showing that the appellant was in arrears $675 on the solicitor's fee and $435 on the alimony and praying that he be required to show cause why he should not be punished for contempt of court. The court entered a rule on the appellant to show cause, and he withdrew his petition for the modification of the decree and answered the rule, showing that he had paid $400 upon the attorney's fee and had paid the appellee $45 a week for eighty-six consecutive weeks following the entry of the decree and $45 a week for three weeks additional; that he was willing to pay the arrearages in such manner as

the court should direct, consistent with his present financial condition and ability to pay, as to the court should appear conscionable and equitable; that his earnings had diminished consistently since the entry of the decree and he was earning less than $100 a month derived from the practice of medicine although he had been diligent in the pursuit of his profession; that he had no other income, property or estate whatever wherewith to satisfy the decree, nor had he conveyed any of his property or estate since its entry; that to make the weekly payments of alimony which he had made he had borrowed about $3000; that a continuance of the order requiring payment of $45 a week would be unjust and unconscionable, inasmuch as he would be unable to comply with the decree by reason of his diminished earnings; that his failure and refusal to comply with the decree was not a willful contempt, and by reason of the change of the status of the parties he prayed for a modification of the decree. No further pleading was filed. The chancellor heard the evidence. The appellee testified showing her own earnings and physical condition, and the appellant testified to facts which, if true, showed that he was unable, because of his decreased earnings, to make the payments required by the decree, and that he had not willfully neglected or refused to make the payments required by the decree but was forced to do so because of his financial condition, and that of the money he had paid on the decree he had borrowed about $3000. The appellee introduced no evidence to the contrary, and the court rendered its decree adjudging the appellant to be in contempt of court and ordering him committed to the common jail of Cook county until he should have complied with the decree of the court respecting alimony. He has appealed to this court, assigning various errors, one of which is that the decree is contrary to section 12 of article 2 of the constitution of the State, which provides that no person shall be imprisoned for debt unless upon refusal to deliver up his estate for the

benefit of his creditors in such manner as shall be prescribed by law or in cases where there is strong presumption of fraud.

A court of chancery has power to enforce its decree for alimony by attachment for contempt, and the commitment of the defendant for contempt for failing to comply with the decree is not an imprisonment for debt from which he can claim exemption under the provision of the constitution which has been mentioned and which is found in the same language in the constitutions of 1818 and 1848. (*Wightman* v. *Wightman*, 45 Ill. 167; *O'Callaghan* v. *O'Callaghan*, 69 id. 552; *Blake* v. *People*, 80 id. 11; *Barclay* v. *Barclay*, 184 id. 375; *Welty* v. *Welty*, 195 id. 335.) It is also held in these cases that the power to enforce the payment of alimony by imprisonment of the defendant for contempt of the court is limited to a willful and contumacious refusal to obey the order of the court, and to such refusal the constitutional limitation has no application. This is in accord with the great weight of authority. Many decisions supporting the rule thus announced may be found cited in a note appended to the case of *Cain* v. *Miller*, 109 Neb. 441, in 30 A. L. R. 131. The construction of this section of the constitution upon which the appellant relies as furnishing a basis for an appeal to this court having been decided in repeated decisions is no longer an open question and can not be made a basis for this court taking jurisdiction of the appeal. Whether the court erred in decreeing that the appellant's default was willful is a question which we have no jurisdiction to determine on a direct appeal.

The cause is transferred to the Appellate Court for the First District.

*Cause transferred.*