**Catherine Cole, Plaintiff-Appellee, v. Carter Cole, Defendant-Appellant.**

**Gen. No. 51,392.**

First District, First Division.

June 30, 1967.

Starke, Anglin, Savage, Frazin, Stewart & May, and Elliott L. DuBois, of Chicago (Howard T. Savage, of counsel), for appellant.

Marcus & Corn, of Chicago (Sidney Z. Karasik, of counsel), for appellee.

MR. JUSTICE BURMAN delivered the opinion of the court.

This is an appeal from an order adjudging the defendant, Carter Cole, guilty of contempt of court for nonpayment of $4,860 in child support arrearages.

The parties were married on October 12, 1946, and divorced on June 29, 1954. By the terms of the divorce decree, entered in favor of plaintiff by stipulation, the

plaintiff, mother, was given custody of the four children born of the marriage, namely Kathleen Anne, then over six years, Carter Jenkins Cole II, then over five, Densey Jerome, four and Byron Jenson, two. The defendant was ordered to pay $15 a week for the support of each child until they attained their majority.

On April 1, 1966, plaintiff, now known as Helen C. Powell, filed a petition alleging that the defendant had wilfully neglected and refused to pay $4,860 in child support as provided in the decree although well able to pay the same. She prayed that a rule issue to show cause why he should not be held in contempt of court for his failure to comply with said decree, and for reasonable attorney's fees. In his answer the defendant denied he was in arrears of any amount whatsoever; denied that the petitioner made repeated demands for support payments for the children; or that he wilfully neglected and refused to pay the same. He alleged affirmatively that on April 8, 1963, the parties entered into an agreement to the effect that the defendant need no longer pay for the support of the children, and at the defendant's request the plaintiff informed him in a letter dated April 8, 1963, that he should take custody of the two older children because she was unable to control their behavior and she would retain the custody of the two other children "including their support which you may cease to pay; namely, $15.00 per week per child." The defendant further denied that the plaintiff was required to retain counsel and alleged that he paid large sums of money in excess of the decretal requirements for the support of the children.

At a hearing held on May 16, 1966, the court found the defendant guilty of wilful contempt for failure to pay the plaintiff the sum of $4,860 for child support, and ordered the defendant committed until he purged himself by the payment of said arrearage. The defendant was further ordered to pay plaintiff's attorneys' fees of $250. The trial judge set a $5,000 supersedeas bond and on motion

of defendant reduced it to $500 and defendant was released from custody of the sheriff.

The defendant contends that the court erred on the May 16th hearing by denying him the opportunity to cross-examine the plaintiff and by refusing to permit him an opportunity to present evidence in his own defense, contrary to his right of due process guaranteed by the constitution, and further that the agreement entered into by the parties is valid and released him from his decretal obligation to pay child support.

The plaintiff contends that the record does not support defendant's claim of an unfair hearing; that the record on appeal is incomplete, wherefore the reviewing court will presume any state of facts necessary to sustain the action of the trial court providing such facts are embraced by the pleadings and consistent with the record; and that the extrajudicial agreement between the parties respecting support payments for children is not binding upon the court and does not preclude court action.

It is clear from the record that nine years after the entry of the divorce decree the plaintiff voluntarily requested that the defendant take complete custody of the two older children and this he did. It appears that no claim for support arrearage was pending at the time. Three years later the plaintiff filed the instant petition alleging that there was then due and owing to her for the support of the four children the sum of $4,860 and that the defendant wilfully refused and still refuses to pay that sum although well able to pay the same.

The defendant was ordered to show cause why he should not be held in contempt of court and after he filed his answer, heretofore referred to, the cause was heard on May 16, 1966. Evidence was taken and transcribed and made a part of this record. In order to determine the propriety of the contempt order we have examined the record as the power to enforce payment for support money by contempt is limited to cases of wilful

108

and continuous refusal to obey the order of the court. Wick v. Wick, 19 Ill2d 457, 167 NE2d 207.

Plaintiff says the defendant purports to convey the impression that there was only one hearing, (the final one on May 16th) in which he allegedly was denied the right to cross-examine and confront witnesses or to introduce testimony on his own behalf when in fact, there were three other hearings and what transpired at those dates other than the last was not preserved by defendant. That the defendant and his lawyer participated at all the hearings and the orders respectively recited "that the court was fully advised in the premises." The plaintiff strenuously insists that after the petition was filed there were four separate hearings before the court previous to the May 16th hearing; that orders were entered on each occasion and no record was preserved by the defendant or made a part of this record.

 Initially we agree with the plaintiff that where the record on appeal is incomplete, the reviewing court will presume any state of facts necessary to sustain the action of the trial judge, provided such facts are embraced by the pleadings and consistent with the record. 2 ILP, Appeal and Error, § 716, citing inter alia, Anderson v. Anderson, 30 Ill App2d 345, 174 NE2d 716. (Abst. decision.) Every reasonable intendment not negatived by the record will be indulged in support of the judgment, order, or decree upon appeal. O'Berry v. O'Berry, 36 Ill App2d 163, 183 NE2d 539.

It appears from the statement of facts in plaintiff's brief that on April 1, 1966, plaintiff filed and presented her petition to show cause and an order was entered on that day which recited that "the court being fully advised" ordered the defendant to appear before the court on April 28, 1966, to show cause why he should not be punished for contempt. On April 28, 1966, the cause came on to be heard and an order was entered reciting inter alia ". . . and the court having heard the testimony of

the parties and arguments of counsel, and being fully advised in the premises" the defendant was ordered to show cause on May 9th why he should not be punished for contempt of court. On May 9, the court's order recites inter alia: "This matter again coming on to be heard . . . and the court being fully advised in the premises" the defendant was ordered to appear on May 16th to show cause and it was further ordered that "the arrearages of $4,860.00 as of April 1, 1966, as stated by plaintiff may be reviewed by the parties on an accounting, and in the event the parties cannot agree to an accounting the court shall appoint an accountant and respondent shall pay the accountant's fee and charges."

The record shows that the defendant filed his answer to the petition on May 9th pursuant to the order of court. The matters heard on that date and on previous hearings were in our opinion preliminary matters to the contempt hearing held on May 16th and therefore the transcription of those proceedings was not necessary. The Ill Rev Stats 1965, c 40, § 16, provides that "Whoever wilfully refuses to comply with the court's order to pay alimony . . . may be declared by the court in contempt. . . ." Extraordinary power is vested in the court to commit a person for contempt, to compel obedience to decrees for payment of support money, where it appears the defendant had pecuniary ability to comply and his disobedience is wilful. The order of court entered on May 16th found the defendant guilty of wilful contempt to be purged by payment to the plaintiff of the sum of $4,860.

The defendant brought a court reporter on May 16th and evidence was transcribed and appears in the abstract. At this hearing the following took place. Plaintiff's attorney informed the court that the matter "comes on a return of a rule to show cause" and stated that the defendant was in arrears the sum of $4,860 and that the last time the case came up the defendant filed an answer contending that there was an agreement between the

110

parties not allowing him credit, but he explained that plaintiff gave him credit for the period the defendant had custody of two of the four children and he offered an accounting statement pursuant to the previous order. The court inquired whether plaintiff had the four children and defense counsel replied she had two children and plaintiff's counsel claimed she had three. Counsel for defendant stated that he wished to offer testimony in regard to the contempt proceeding and that he had prepared a memoranda of law. The court informally inquired of plaintiff when she last received payment and she replied in August of 1964. Defense counsel then stated that it was his position that there was no contumacious or wilful conduct on the part of defendant and he suggested that he would like to question the plaintiff to prove this contention. The plaintiff was sworn and the Court proceeded to question her as follows:

Q. The ages of the children that are now with you are what?

A. Thirteen, one just turned sixteen and seventeen.

Q. All right.

A. Three boys.

Q. Have you received any money from your husband since August of 1964, any money whatever towards the support of these children?

A. No, I haven't.

Q. You have not?

A. No.

Q. Did you ever ask him for money?

A. Yes, I wrote a letter in September.

Q. Of '64?

A. No. September of '65.

111

Q. All right, and what did he say in response to that letter?

A. I had no answer.

Q. No answer. And, since that time you have been working and supporting these children, is that right?

A. I was until February.

Q. All right. These children are going to school, is that right?

A. That's correct.

Q. Okay.

(Witness excused.)

The Court: Prepare an order of Commitment. Bailiff, you want to take him into custody.

Defense counsel requested permission to question the witness and the court replied, "Counsel, I have nothing before me, now. I will hear all your arguments at some future date." He then ordered the defendant taken into custody and entered two orders in which the defendant was found guilty of wilful contempt of the court for his wilful failure to pay the plaintiff the sum of $4,860 and he was committed to jail for a period of six months unless he purged himself of contempt by paying the sum of $4,860.

■■ The contempt alleged against the defendant was indirect. Provenzale v. Provenzale, 339 Ill App 345, 90 NE2d 115. The failure of a husband to comply with the decree directing the payment of support money for children is prima facie evidence of contempt. 16 ILP, Divorce, § 194; Shaffner v. Shaffner, 212 Ill 492, 72 NE 447. The burden then is on the husband to show that he had a valid excuse for nonpayment. The power to enforce payment of support money by contempt is limited, however, to cases of wilful and contumacious re-

fusal to obey the order of the court. Wick v. Wick, 19 Ill2d 457, 167 NE2d 207. "In determining the propriety of orders in enforcement proceedings it is necessary, however, that each case be viewed in the light of its own peculiar facts." P 461.

In the instant case the court entered a rule upon the defendant to show cause why he should not be held in contempt of court for wilfully refusing to comply with its support decree. In our judgment the defendant's counsel was improperly refused permission to cross-examine the plaintiff or to present evidence in an attempt to purge defendant of contempt. It is evident from the record that the arrearages for support of the children commenced after plaintiff voluntarily relinquished custody of two children and stated in a letter to the defendant that she would retain custody of the two younger children "including their support which you may cease to pay." The defense to the contempt charge should, in our opinion, be thoroughly heard and considered. It is not enough in contempt proceedings to find that the defendant is in arrears. Mere absence of compliance with the provisions of the decree is not sufficient basis for a judgment of contempt of court unless the evidence shows the failure to comply was a wilful and contumacious refusal to obey the court order. Mesirow v. Mesirow, 346 Ill 219, 178 NE 411. Therefore, without expressing any opinion on the merits, we hold that the finding by the court holding the defendant to be in contempt of court was premature.

The order entered on May 16, 1966, finding the defendant guilty of contempt of court is reversed and the cause remanded for further proceedings consistent with the views expressed.

Reversed and remanded.

MURPHY, P. J. and ADESKO, J., concur.