CHARLOTTE K. ARCHER, Plaintiff-Petitioner-Appellee, v. DAVID R. ARCHER, Defendant-Respondent-Appellant.

Fourth District No. 14934

Opinion filed May 25, 1979.

GREEN, J., specially concurring.

Auler Law Offices, of Urbana, for appellant.

Burt Greaves, of Champaign, for appellee.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Respondent appeals from an order finding him in indirect contempt for failure to pay past due child support in the sum of $11,900, and sentencing him to periodic imprisonment unless the judgment entered is paid periodically as scheduled by the trial court.

As framed by respondent, the essential issue is whether or not there was a denial of due process when the trial court, purporting to act upon the authority of Supreme Court Rule 219 (58 Ill. 2d R. 219), struck respondent's petition to allow periodic payments of the judgment for arrears, and thereafter found respondent in wilful and contumacious contempt for refusal to pay the amount of the judgment without hearing any evidence upon the issue and imposed sentence.

For reasons not apparent in the record the arrears had occurred over a span of nine years. A rule to show cause, dated September 21, 1977, required respondent to appear on November 29, 1977. He appeared with counsel and his request for a continuance was denied. On November 30, 1977, only respondent's counsel was present. A judgment for the arrears was entered and the court ordered that respondent be incarcerated until the judgment was paid or until respondent had filed a petition for change

of the order. The record does not show any hearing upon the issue of wilful and contumacious refusal of failure to pay the judgment, nor do we find any finding made upon such issue.

On December 19, 1977, respondent appeared with new counsel and was directed to file motions or pleadings by January 15, 1978. At the same time, the matter was set for hearing on March 1, 1978. The record shows that warrants for respondent's arrest were "withdrawn" conditioned upon the payment of $1000 and weekly payments. Respondent filed an unverified petition reciting personal debts, living expenses and available income and prayed that he be permitted to pay the judgment by periodic payments. Substantially the same petition in verified form was filed on April 20, 1978. Hearing was set for May 5, 1978, and respondent was instructed to produce copies of income tax returns for four years. So far as the record discloses, the instructions were oral and no motion for discovery of such documents is found.

On May 5, 1978, respondent appeared but was unable to produce but one of the requested income tax returns. No testimony was heard but colloquy of court and counsel concerning the difficulty in finding the documents orally required because of a fire and moving. The colloquy discloses that the court refused to accept counsel's explanation, and upon oral motion of the petitioner wife, the trial court struck respondent's petition to make periodic payments upon the judgment citing the authority of Supreme Court Rule 219(c)(iii), (vi) (58 Ill. 2d R. 219(c)(iii), (vi)). Upon the court's inquiry, counsel for the wife asked that respondent be required to make substantial payments upon the judgment. Respondent's counsel advised that respondent was unable to do so at that time and stated, "[W]e should at least examine the resources that Mr. Archer has." Although respondent's petition and recitation had been stricken, the trial court noted that respondent had been regularly employed and said, "[T]he court wishes to reaffirm and ratify its previous finding that the failure to pay was wilful and contumacious."

Despite the trial court's statement of reaffirming his prior findings of wilful and contumacious conduct, we have examined the record and have not discovered any record of proceedings in which such finding is made upon the question of failure to pay the judgment for arrears of child support prior to the finding in the written order of May 23, 1978, which is the order appealed. It is shown that on November 30, 1977, upon entering judgment for an amount found to be due, the trial court ordered incarceration until the judgment for arrears was paid. This order was without benefit of any evidence of wilful refusal or failure to pay.

■■ The failure to pay the judgment for the arrears is no more than a *prima facie* case for contempt. (*Storm v. Storm* (1973), 9 Ill. App. 3d 1071, 293 N.E.2d 633.) In *Cole v. Cole* (1967), 85 Ill. App. 2d 105, 113, 229

N.E.2d 293, 297, it is said, "Mere absence of compliance with the provisions of the decree is not sufficient basis for a judgment of contempt of court unless the evidence shows the failure to comply was a wilful and contumacious refusal to obey the court order. *Mesirow v. Mesirow*, 346 Ill. 219, 178 N.E. 411," and held that a respondent should be allowed to show a defense. In *Sullivan v. Sullivan* (1973), 16 Ill. App. 3d 549, 552, 306 N.E.2d 604, 606, it is said:

> "Not every order for payment of money is enforceable by imprisonment for contempt. It is only where the disobedience is willful. [Citations.] There is no contempt where the failure of a person to obey such an order is due to poverty, insolvency or other misfortune [citations] unless such person's inability to pay is the result of a wrongful or illegal act or he has willfully placed himself in such a position."

Such statement is cited and followed in *People v. Harris* (1976), 41 Ill. App. 3d 690, 354 N.E.2d 648.

It is clear that the order upon appeal is for indirect civil contempt for failure to pay the judgment entered on November 30, 1977. In *People v. Tomashevsky* (1971), 48 Ill. 2d 559, 565, 273 N.E.2d 398, 402, it is said:

> "If the conduct of the appellants constituted indirect contempt * * * then all the elements of procedural due process must be observed, including notice, written charges, and an opportunity to deny and defend such charges before guilt is adjudged and sentence imposed."

Similarly, in *People v. Pincham* (1976), 38 Ill. App. 3d 1043, 1046, 350 N.E.2d 67, 69, the court said:

> "The contempt therefore, if any, was an indirect contempt, entitling defendant to the constitutional rights of advance notice, a full hearing, counsel, and confrontation. Being given only the opportunity to testify in one's own behalf falls short of satisfying the requirement. [Citation.]"

Although the fact is not clear from the record, if the trial court concluded that striking respondent's petition upon the authority of Supreme Court Rule 219 (58 Ill. 2d R. 219) barred a defense upon the question of contempt, or made unnecessary a hearing upon the issue of wilful and contumacious failure to pay the judgment, we hold such to be error.

■■■ A contempt proceeding is generally regarded as an original special proceeding collateral to and independent of the case in which the contempt arises. (12 Ill. L. & Prac. *Contempt* §62 (1955); *Avis Plumbing & Heating Contractors Corp. v. McCormick Theological Seminary* (1971), 131 Ill. App. 2d 603, 268 N.E.2d 472.) Without deciding the effect of the order striking respondent's petition, we hold that the entry of the

order appealed was error for want of a hearing required by the authorities cited as necessary to support the finding of an indirect civil contempt.

The order of the trial court is reversed and the cause remanded for further proceedings not inconsistent with the views expressed.

Reversed and remanded.

CRAVEN, J., concurs.

Mr. JUSTICE GREEN, concurring specially:

Although the record presents such a confusing combination of proceedings that analysis is difficult, I agree with the conclusion reached by the majority and concur therein.

In petitioner's brief, she has stated, with respect to whether respondent has been in contempt of court, that his financial stature at the time of the contempt hearing is unimportant. Because the matter has been remanded, I deem further discussion on this issue to be desirable. The opinion correctly indicates that the order appealed is one for indirect *civil* contempt as distinguished from indirect *criminal* contempt. In *People v. Marcisz* (1975), 32 Ill. App. 3d 467, 334 N.E.2d 737, an opinion by Mr. Justice Stengel of the appellate court for the third district gives a full explanation of the differences between criminal and civil contempt proceedings as applied to the enforcement of orders in matrimonial proceedings. That portion of that decision of importance here was affirmed in *Marcisz v. Marcisz* (1976), 65 Ill. 2d 206, 357 N.E.2d 477.

As explained in *People v. Marcisz*, if the purpose of the proceeding is to coerce the respondent into making payments he should have made, the proceeding is civil in nature and any order for the incarceration of the respondent must contain a purge provision with which the respondent can comply. The respondent's present financial situation is thus material at a hearing if such an order is requested. On the other hand, if the proceeding is (1) to punish the respondent for his prior contemptuous conduct in wilfully failing to make the payments, and (2) to uphold the court's authority, the respondent's present financial situation is immaterial. However, such a proceeding is criminal in nature and must be conducted in the manner explained in *People v. Marcisz*. Because of the criminal nature of the proceedings, the burden of proof would apparently not shift to the respondent at any time. For this reason, the safer practice would be to initiate such a proceeding by a petition to hold the respondent in contempt rather than a petition for a rule against him to show cause why he would not be held in contempt.