JOAN GENTILE, Petitioner-Appellant, *v.* JOSEPH GENTILE, Respondent-Appellee.

First District (5th Division)    No. 79-1955

Opinion filed August 1, 1980.

Frank E. Mosetick, of La Grange, for appellant.

James Valentino, Jr., of Chicago, for appellee.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

This is an appeal from an order denying petitioner's request for a rule to show cause for failure to pay child support and which allegedly denied her a judgment for arrearage.

The parties were divorced in February 1967 and, pursuant to an agreement, the decree awarded custody of their three minor children to the petitioner and gave visitation rights to respondent, who was also to pay child support in the amount of $50 a week. In a motion presented later in February 1967, respondent requested that the support payments be excused because petitioner deprived him of his visitation rights by removing the children to another jurisdiction where her address was unknown. In her answer, among other things, petitioner asked that the court authorize her departure from this jurisdiction *nunc pro tunc* as of January 4, 1976 (the day she left) and, asserting that respondent was in arrears, she asked that a rule to show cause issue "for failure to pay child support." On March 27, 1967, the trial court entered an order (hereafter the 1967 order) which, in pertinent part, stated that respondent "is relieved from making child support payments as of January 4, 1967, and made *nunc pro tunc* as of that date."

The record discloses that the next action pertinent to this appeal was taken 11 years later, on April 5, 1978, when petitioner filed a petition alleging respondent to be $29,250 in arrears of child support payments and requesting that a rule to show cause be entered as well as "such other and further relief" as the court deemed appropriate. After a hearing, an order was entered in which the trial court denied the issuance of a rule on the basis that the 1967 order had abated respondent's obligation to pay child support. This is an appeal from that order.

OPINION

Petitioner first takes the position that the trial court denied her a judgment for child support arrearage on the basis that the 1967 order had abated respondent's child support obligations. She argues that this denial was improper because the order excusing child support payments was "void as against public policy." We initially note a question as to whether there was a denial of a judgment for arrearage. The order appealed from states in relevant part:

> "This cause coming before this Court upon the petition of Joan Gentile for Rule to Show Cause * * *, the Court * * *

Hereby finds that the Order of April 19, 1967[1] * * * is a valid and effective abatement of child support payments as stated therein.

It is therefore hereby Ordered that Joan Gentile's Petition for Rule to Show Cause be and is DENIED."

Petitioner acknowledges that her petition did not specifically request an arrearage judgment, but she urges that the language therein asking for "such other and further relief" as the court deemed appropriate should be construed as a request for such judgment which, she argues, was improperly denied by the trial court's finding in the order appealed from—that the 1967 order was "a valid and effective abatement of child support."

■■ It is established, however, that matters not presented to or ruled upon by the trial court may not be argued as error on appeal. (*Somerset House, Inc. v. Board of Appeals* (1970), 131 Ill. App. 2d 569, 266 N.E.2d 508; *Beery v. Hurd* (1938), 295 Ill. App. 124, 14 N.E.2d 656; *O'Day v. Chicago & Alton R.R. Co.* (1901), 97 Ill. App. 632; 2 Ill. L. & Prac. *Appeal & Error* §181 (1953).) Here, it is clear that the only relief expressly prayed for in her petition was that a rule to show cause issue, and the record does not otherwise disclose that any request, oral or written, for an arrearage judgment was presented to or ruled upon by the trial court. Thus, petitioner's contention of error in the denial of such a judgment cannot be considered.

■■ The order appealed from, however, did deny the issuance of a rule to show cause and, in her brief here, petitioner appears also to argue that the trial court nonetheless erred in this respect. We initially note that an order is viewed as final and appealable when it "disposes of the rights of the parties, either upon the entire controversy or upon some definite and separate part thereof." (*Village of Niles v. Szczesny* (1958), 13 Ill. 2d 45, 48, 147 N.E.2d 371, 372; see also *In re Annexation to the City of Darien* (1973), 16 Ill. App. 3d 140, 304 N.E.2d 769.) We view the order involved here as not final and appealable, as it did not dispose of the rights of the parties since petitioner is not precluded from filing a petition specifically requesting arrearages, and the rights of respondent were certainly not affected. In any event, we think it clear that the trial court acted correctly in denying the petition for rule to show cause.

Case law provides that a father's failure to make child support payments as required in a decree is *prima facie* evidence of contempt. (*Storm v. Storm* (1973), 9 Ill. App. 3d 1071, 293 N.E.2d 633; *Cole v. Cole* (1967), 85 Ill. App. 2d 105, 229 N.E.2d 293.) However, in the defense of a contempt action, a father need only show that his failure to make the

---

[1] The April 19, 1967, date is an error, as it was the March 27, 1967, order which relieved respondent from the requirement to pay child support.

payments was not a willful and contumacious refusal to obey the court order. *Wick v. Wick* (1960), 19 Ill. 2d 457, 167 N.E.2d 207; *Ellingwood v. Ellingwood* (1975), 25 Ill. App. 3d 587, 323 N.E.2d 571; *Storm v. Storm.*

■ Here, it appears clear that respondent did not make child support payments because of reliance on the 1967 order relieving him of the obligation of making such payments. Reliance on this order which has remained unchallenged negates any willful and contumacious refusal to obey the child support provision of the divorce decree.

In view thereof, we find that the trial court properly refused to issue a rule to show cause against respondent.

For the reasons stated, the order of the trial court is affirmed.

Affirmed.

LORENZ and WILSON, JJ., concur.