FRANCES GIAMANCO, Petitioner-Appellee, v. PAUL D. GIAMANCO, Respondent-Appellant.

Fifth District   Nos. 82—256, 82—365, 82—481 cons.

Opinion filed December 13, 1982.

Roy Eugene Clark, of Clark Law Offices, of Mt. Vernon, for appellant.

Feiger, Quindry, Molt, Harvey, Fyie & Hawkins, of Fairfield (Morris Lane Harvey, of counsel), for appellee.

PRESIDING JUSTICE HARRISON delivered the opinion of the court:

Paul D. Giamanco (hereinafter referred to as the defendant) appeals from three separate post-divorce orders of the circuit court of Jefferson County. The central issue in each of these causes is whether the defendant's written admission of his ability to pay precludes him from introducing evidence controverting that admission at any future time. For the reasons which follow we affirm the judgment of the circuit court in case No. 82—256 (disposition of Frances Giamanco's petition to modify) and reverse the judgments in case Nos. 82—365 (contempt judgment against the husband) and 82—481 (disposition of the

husband's petition to modify) and remand these causes for further proceedings.

The parties were divorced on June 12, 1972, and Frances Giamanco (hereinafter referred to as the plaintiff), pursuant to the parties' separation agreement, was granted custody of the couple's daughter, Samantha. The divorce decree obligated the husband to pay the wife the sum of $300 per month child support and $60 per month maintenance. On July 23, 1980, the plaintiff filed a petition for modification of the 1972 decree. The petition alleged that substantial changes in her physical and financial circumstances had occurred and therefore sought an increase in maintenance. On October 8, 1980, the plaintiff filed a petition for attorney fees incurred in connection with the modification proceeding. On January 12, 1981, defendant filed a written admission of "his financial ability to pay in this cause and understands that by so admitting that that issue will be resolved by this court and that a judicial finding of his ability to pay will be made and that the only remaining issue in this cause will be the financial needs of the Petitioner." The document concluded with a motion that the court order that defendant no longer need produce financial records. This motion was granted on February 5, 1981. On April 10, 1981, the plaintiff filed a petition for modification of child support alleging that substantial changes in circumstances had occurred which warranted an increase in payments.

Hearings were held on December 16 and 28, 1981. The plaintiff testified that her 10-year-old daughter suffers from asthma, which was not diagnosed until after the parties were divorced. She testified that the daughter's condition sometimes causes her to miss school, at which times plaintiff must take care of her. The plaintiff is self-employed in a small advertising business. She had formerly been employed as a college teacher and as a radio time salesperson. In 1977, she underwent surgery for a hernia repair which apparently induced blood clots to form in one of her legs. She also suffers from a slipped disc. These conditions limit her physical activity.

She testified that her gross expenditures between June of 1980 and December 15, 1981, were about $47,000 and her gross receipts during that period were about $42,000. The gross receipts included about $9,000 in loans from her father. The gross receipts in her business were about $22,475 and gross expenses were about $19,687. The pending bills of her business were about $1,833, and her personal bills at the time of trial were about $3,412.

She further testified that around 1978 her ex-husband voluntarily increased his total monthly payments by $50. She testified that she

was able to finance the successive purchases of three Lincoln automobiles by selling one car and then re-investing in a new one. She was able to do this because interest rates at the time were very low. In 1980 she sold the last Lincoln and bought a Cougar. She also testified that while she was married she was able to buy many clothes but that since the divorce she had bought very few new clothes. She has also been forced to buy less expensive food. She testified that during her marriage she generally did not work and that she has not investigated the possibility of obtaining a teaching job at the college where she formerly taught.

Dr. Rosemary Walker, an economist, testified that from the time of the divorce in 1972 until May of 1981, the consumer price index had increased from 125 to 269, or about 215%. Additionally, she testified that during this time the needs of a child increased about 11.5% between the ages of one and 10 years.

Plaintiff's attorney submitted itemized bills for services rendered during the litigation. Included in the bills were 172½ hours at $60 per hour, and $2,396.14 in expenses, for a total bill of $12,896.14. The defendant testified that, in his opinion, the hours billed were excessive and, in some instances, inaccurate.

The trial court found that the plaintiff had proved a substantial change in circumstances since the 1972 divorce decree. The court ordered an increase in maintenance from $60 to $150 per month, an increase in child support from $300 to $700 per month, and payment of plaintiff's attorney fees in the amount of $9,996.92.

The defendant filed a post-trial motion seeking, *inter alia*, leave to present additional evidence pertaining to his financial circumstances. On April 15, 1982, the trial court denied this motion and on May 10, 1982, the husband filed a notice of appeal from that denial. On May 6, 1982, the plaintiff filed a petition for rule to show cause why defendant should not be held in contempt of court. A hearing was held on May 27, 1982, at which the defendant testified that he had made three payments totaling $100 toward an arrearage of about $1,290 accrued during February, March, and April. The defendant testified that he failed to pay because he did not have the money to pay. The trial court sustained the plaintiff's objection based on the prior finding of the defendant's ability to pay. The defendant then made an offer of proof that, if allowed to present evidence on the subject, the defendant would testify that his liabilities exceeded his assets by $82,000 and that because of his current financial circumstances he had not wilfully failed to pay. The trial court accepted the offer of proof and denied admission of the evidence to which it pertained.

The trial court found the defendant in wilful contempt of court and sentenced him to 30 days in jail with an opportunity to purge himself of the contempt by paying the underlying judgment. On July 1, 1982, the defendant filed a notice of appeal from the June 10, 1982, order holding the defendant in contempt of court.

On May 26, 1982, the defendant filed a petition to modify the trial court's previous orders, alleging that his financial circumstances had changed. The plaintiff filed a motion to dismiss and on July 29, 1982, the trial court dismissed the defendant's petition to modify. On August 16, 1982, the defendant filed a notice of appeal from that order.

### I. CASE NO. 82—256

This appeal raises three issues for review. First, the defendant contends that the trial court erred in ordering the increase in maintenance. Second, he challenges the propriety of the trial court's order increasing the amount of child support. Third, he asserts that the award of attorney fees was excessive. We affirm.

■ The modification of the alimony award will not be set aside on review unless the trial court abused its discretion. (*Shive v. Shive* (1978), 57 Ill. App. 3d 754, 759, 373 N.E.2d 557.) The general rule is that a request for modification of maintenance may be granted "only upon a showing of a substantial change in circumstances." (Ill. Rev. Stat. 1981, ch. 40, par. 510(a).) The trial court specifically found that the plaintiff had established a substantial change in circumstances. The defendant argues that the plaintiff deliberately and voluntarily eroded her financial stability by purchasing new Lincoln automobiles every year and by quitting a higher paying job and that, therefore, she is not entitled to an increase in maintenance because the change in circumstances is not fortuitous. (See *Pierce v. Pierce* (1979), 69 Ill. App. 3d 42, 45, 386 N.E.2d 1175.) We have found nothing in the record to indicate that the trial court considered plaintiff's automobile purchases in determining that modification was appropriate. There is ample evidence from which the trial court could have concluded that plaintiff's decision to become self-employed was necessitated by her daughter's physical condition. This also provides a basis for concluding that a change of circumstances occurred in that the plaintiff's income had decreased. The trial court's award of increased maintenance was supported by the evidence and, therefore, was not an abuse of discretion.

■ The defendant also contends that the trial court erred in excluding evidence of the defendant's financial condition. The defendant filed a written admission of his ability to pay; this admission con-

tained no qualification or conditional element. At no time before the trial court's judgment was entered did the defendant seek to present evidence of his inability to pay. Only after the judgment was entered, and it became apparent that his stratagem had failed, did defendant seek to repudiate his admission. The gist of the defendant's post-trial motion was that the amounts awarded exceeded his expectations and therefore the court should hear evidence of his actual financial condition. A judicial admission is a formal act "which waives or disposes with the production of evidence, by conceding for the purposes of litigation that the proposition of fact *** is true." (*Hudson v. Augustine's, Inc.* (1966), 72 Ill. App. 2d 225, 234-35, 218 N.E.2d 510.) The defendant's admission was a written document which he had signed and filed in the trial court and which resulted in a court order adopting its substance. This document, and its attendant circumstances, is a sufficiently formal act for us to conclude that it constitutes a judicial admission. The consequence of this conclusion is that the admission "is a waiver relieving the opposing party from the need of any evidence, and is conclusive in the sense that it formally waives all right to deny [the admitted facts], for the purposes of the trial; it removes the proposition in question from the field of disputed issues." (*Hudson v. Augustine's, Inc.* (1966), 72 Ill. App. 2d 225, 235.) We hold that the issue of the defendant's ability to pay was waived by his judicial admission and therefore, that the trial court correctly denied the post-trial motion.

■ Defendant next contends that the trial court erred in modifying the child support payments. Like maintenance, modification of child support depends on a showing of a material change in circumstances. (Ill. Rev. Stat. 1981, ch. 40, par. 510(a).) "The specific factors to be considered include the financial resources of the child, financial status and needs of the custodial parent, the standard of living the child would have enjoyed had the marriage not been dissolved, the physical and emotional condition of the child and his educational needs, and the financial ability and needs of the noncustodial parent." (*In re Marriage of Raidbard* (1980), 87 Ill. App. 3d 158, 160, 408 N.E.2d 1021.) The diagnosis of the child's asthma occurred subsequent to the original divorce decree. The trial court could have found that this physical condition necessitated an increase in the support. The increased needs of the child may also be established by the child's growing older and the increase in the cost of living established by the expert testimony. (See *In re Marriage of Raidbard* (1980), 87 Ill. App. 3d 158, 161.) The previous discussion of the husband's admission of his ability to pay applies to this issue. We conclude that there is ample

basis in the record for the increase in support.

■■ Third, the defendant contests the amount of the attorney fee award. The award of attorney fees is committed by statute to the sound discretion of the trial court and will not be reversed absent an abuse of discretion. (*In re Marriage of Raidbard* (1980), 87 Ill. App. 3d 158, 162-63.) The plaintiff's attorney submitted an itemized bill at a stipulated hourly rate of $60. We also note that although the amount requested was nearly $13,000, the trial court awarded only about $10,000. The record provides a thorough itemization of time spent on behalf of the plaintiff and is therefore a sufficient foundation for the award. (*In re Sharp* (1978), 65 Ill. App. 3d 945, 950, 382 N.E.2d 1279.) The defendant also contends that the plaintiff brought the underlying action in bad faith, in that she knowingly and deliberately undermined her financial position, and that therefore the fee award was based upon unnecessary judicial action. Whether the plaintiff was guilty of bringing the modification proceeding in bad faith is only one of the factors which the trial court, in the exercise of its discretionary powers, will consider in allowing attorney fees. (*Brandt v. Brandt* (1981), 99 Ill. App. 3d 1089, 1109-10, 425 N.E.2d 1251.) In the instant case we find no abuse of discretion.

The judgment of the circuit court of Jefferson County in case No. 82—256 is affirmed.

### II. CASE NO. 82—365

On May 6, 1982, the plaintiff filed a petition for rule to show cause why the defendant should not be held in contempt of court for failure to pay child support, maintenance, and attorney fees. A hearing was held during which the defendant sought to introduce evidence of his current financial condition. The trial court sustained objections to the introduction of this evidence and found the defendant in contempt of court.

■■ ■ A father's failure to make child support payments as required in a decree is *prima facie* evidence of contempt. (*Gentile v. Gentile* (1980), 87 Ill. App. 3d 311, 313, 409 N.E.2d 52.) The defendant admitted that he had not made the payments ordered by the court. " 'The burden is then on the husband to show that he had a valid excuse for non-payment. *** It is not enough *** to find that the defendant is in arrears. Mere absence of compliance with the provisions of the decree is not sufficient basis for a judgment of contempt of court unless the evidence shows the failure to comply was a willful [*sic*] and contumacious refusal to obey the court order. *Mesirow v. Mesirow*, 346 Ill. 219, 178 N.E. 411.' " (*Storm v. Storm* (1973), 9

Ill. App. 3d 1071, 1077, 293 N.E.2d 633, quoting from *Cole v. Cole* (1967), 85 Ill. App. 2d 105, 112-13, 229 N.E.2d 293.) In the instant case the trial court excluded evidence of defendant's financial condition. The plaintiff asserts that this was proper because the defendant's admission of his ability to pay is conclusive against him and incontrovertible. In support of this contention she cites several cases relating generally to the effect of prior admissions but which we find distinguishable in that they do not involve contempt proceedings. (See, *e.g., People v. Bone* (1980), 82 Ill. 2d 282, 412 N.E.2d 444 (criminal proceeding to revoke probation); *People v. Kidd* (1947), 398 Ill. 405, 75 N.E.2d 851 (*quo warranto* proceeding); *Chicago & Alton R. R. Co. v. Raidy* (1903), 203 Ill. 310, 67 N.E. 782 (effect of newly discovered evidence on motion for new trial); *Badger Mutual Insurance Co. v. Murry* (1977), 54 Ill. App. 3d 459, 370 N.E.2d 295 (declaratory judgment action on insurance policy); *Rosbottom v. Hensley* (1965), 61 Ill. App. 2d 198, 209 N.E.2d 655 (effect of admission in negligence suit).) As noted above, the general rule governing contempt proceedings is that the failure to pay must be wilful and contumacious. As the court in *Cole v. Cole* (1967), 85 Ill. App. 2d 105, 113, 229 N.E.2d 293, stated, "[t]he defense to the contempt charge should, in our opinion, be thoroughly heard and considered." Therefore, the court should have considered the defendant's financial condition at the time of the contempt hearing to determine whether the failure to pay was wilful and contumacious.

Accordingly, we reverse the judgment of the circuit court of Jefferson County in case No. 82—365 and remand for further proceedings not inconsistent with this disposition.

Reversed and remanded with directions.

### III.  CASE NO. 82—481

█ On May 26, 1982, after filing his notice of appeal in case No. 82—256, the defendant filed a petition to modify which the trial court dismissed without an evidentiary hearing. Initially, we must determine whether the filing of the defendant's notice of appeal before filing his petition to modify divested the circuit court of jurisdiction over the petition to modify. We find this issue to be governed by the recent case of *In re Marriage of Petramale* (1981), 102 Ill. App. 3d 1049, 430 N.E.2d 569. "The general rule is that once a notice of appeal is filed, the trial court is divested of jurisdiction to enter any order involving a matter of substance, and the jurisdiction of the appellate court attaches instanter." (102 Ill. App. 3d 1049, 1052.) The *Petramale* court concluded, however, that a petition for modification of

child support or for temporary alimony or appellate attorney fees constitutes an exception to the general rule. "We therefore hold that the trial court erred in striking respondent's petition and remand for consideration [of] the modification petition." (102 Ill. App. 3d 1049, 1053.) We conclude that the trial court had jurisdiction to consider the defendant's petition.

The plaintiff contends that the defendant's judicial admission justifies dismissing the petition to modify. We disagree. The defendant's judicial admission is conclusive against him for the purposes of the trial (*Hudson v. Augustine's, Inc.* (1966), 72 Ill. App. 2d 225, 235), but the purpose of a modification proceeding is to show that a substantial change in circumstances has occurred since the prior judgment. (Ill. Rev. Stat. 1981, ch. 40, par. 510(a).) We therefore hold that the defendant may prove the existence of a change in circumstances occurring since the rendition of the prior judgment. The defendant's admission is not, however, without consequence in our consideration of this issue. "Having affirmed under oath that a given state of facts exists, a party cannot be permitted to later affirm that the contrary is true." (*Finley v. Kesling* (1982), 105 Ill. App. 3d 1, 9, 433 N.E.2d 1112.) In the instant case, the defendant filed his admission on January 12, 1981, and never attempted to put his financial condition in issue until after the judgment was rendered on January 25, 1982. Applying *Finley* to the instant case, we hold that the defendant may not assert as a "substantial change in circumstances" any change in his financial condition which occurred before January 25, 1982, because the defendant never asserted before that date that the admission did not represent his then current financial condition. A change occurring after January 25, 1982, is relevant. Therefore, we hold that the defendant may introduce evidence of his financial condition as of any time after January 25, 1982, but if he does so, he must also introduce evidence of his financial condition on January 25, 1982, in order to demonstrate a change in circumstances.

Accordingly, we reverse the judgment of the circuit court of Jefferson County in case No. 82—481, and remand for further proceedings not inconsistent with this disposition.

Reversed and remanded with directions.

WELCH and KASSERMAN, JJ., concur.