*In re* MARRIAGE OF ROBERTA MAYER, Petitioner-Appellee, and HARRY MAYER, Respondent-Appellant.

First District (3rd Division)    No. 80-3008

Opinion filed June 17, 1981.

Stanley F. Kaplan, of Chicago (Claire Adair, of counsel), for appellant.

Beermann, Swerdlove, Woloshin, Barezky & Berkson, of Chicago (Miles N. Beermann and Susan L. Brody, of counsel), for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Respondent, Harry Mayer, appeals from an order of the trial court finding him to be in contempt of court and sentencing him to 30 days in jail for failure to pay certain support and expenses on behalf of the parties' 19-year-old daughter, Robin. On appeal respondent argues that the trial court abused its discretion in finding him to be in contempt. The facts are as follows.

At the time the parties were divorced in 1962, they entered a property settlement agreement whereby petitioner, Roberta Mayer, was granted custody of the parties' two minor daughters, Judith and Robin. Respondent agreed to pay support and extraordinary medical expenses. In 1963, respondent remarried. In 1975, custody of Judith was transferred to respondent.

When Robin commenced her college education at Oakton Community College in 1978, petitioner sought support money on behalf of Robin while she attended college. In September 1978, respondent was ordered to pay $23.50 per week as support of Robin while she attended school. The court also ordered respondent to pay for Robin's books; her tuition was paid for by a scholarship.

In May 1980, petitioner filed a petition for a rule to show cause against respondent for failure to pay one week's support in February for Robin and for failure to pay past due medical bills. Respondent filed a motion to terminate support, alleging that Robin had become a part-time student and a full-time worker. Respondent also claimed that Robin's medical bills were not extraordinary. In June 1980, petitioner filed a second petition for a rule to show cause for respondent's failure to pay support in May 1980.

At the hearing on July 18, 1980, petitioner and Robin testified as to Robin's status at school. They also explained the medical bills which were caused principally by knee surgery to Robin. Respondent testified that he left his employment with Sears, Roebuck and Company in February 1979, because the job had become too hard for him. He began working for his wife in an ice cream store which she opened in March 1979. He further testified that there was no income realized out of the operation of that store. Respondent stated that he had earnings of $4,056 in 1979, and had no earnings in 1980. He had no savings accounts, pensions, stocks or bonds, nor liquid assets of any kind. He had continued to pay Robin's support until May 1980. In response to a question by the court, respondent stated that he was not on public aid because his wife, who was employed

by Sears, Roebuck, bought food. It was disclosed at the hearing that respondent and Robin had not talked to each other for several years.

At the conclusion of the hearing, the trial court stated:

> "[I]t strains my credibility that this man is working with his wife in some store and is not making any income. Come on, I wasn't born yesterday."

The court also stated:

> "The ruling will be in favor of the petitioner Roberta Mayer. He has got funds. He can't exist on nothing. He would be on public aid."

The court thereupon denied respondent's motion to terminate support, found him to be in arrears for support and liable for the medical bills. The court ordered respondent to pay all past due amounts. It continued the matter for 45 days for a status report on respondent's compliance with the order.

In August 1980, petitioner filed a third petition for a rule to show cause to which respondent filed a response and an affirmative defense. On September 16, 1980, the matter came up on the status report on respondent's compliance and also on the new petition and defense. Respondent's attorney requested the opportunity to present evidence which would demonstrate respondent's financial inability to comply with the order of the court. He stated that respondent's wife was available to testify that the ice cream business was for sale, and that there was other evidence to show how badly the business was doing. The court replied that it viewed respondent's quitting Sears, Roebuck as a ploy to evade paying the school support and refused the request to introduce evidence as to respondent's finances. Counsel stated that the evidence would demonstrate why respondent quit the job and why it was necessary to sell the ice cream store. The trial court stated that respondent had his day in court and thereupon found respondent to be in contempt of court.

■■ It is undisputed that respondent failed to pay the college support and extraordinary medical expenses on behalf of his daughter pursuant to a valid order of court. Such nonpayment of support is prima facie evidence of contempt (*Storm v. Storm* (1973), 9 Ill. App. 3d 1071, 293 N.E.2d 633), thereby placing the burden on respondent to prove that his failure was neither willful nor contumacious and that he had a valid excuse for his failure to pay. *Cooper v. Cooper* (1978), 59 Ill. App. 3d 457, 375 N.E.2d 925.

■■ We believe, however, that respondent was denied his right to a full hearing on the issue whether he had a valid excuse for not complying with the court's order. It is true that he testified at the July 18 hearing as to his lack of funds and reasons for quitting Sears, Roebuck. The trial court, as

was its right, did not believe that uncontradicted testimony. In ordering respondent to make certain payments and denying respondent's motion to terminate support, the court commented that respondent must possess funds because otherwise he would be on public aid. When the matter came up again several weeks later, respondent's counsel requested an opportunity to present evidence which would demonstrate that respondent was telling the truth when he stated that he had no funds. The court refused to permit respondent to adduce such evidence, and we believe in such refusal the court abused its discretion. (See *Cole v. Cole* (1967), 85 Ill. App. 2d 105, 229 N.E.2d 293.) It may be that after the additional testimony and evidence regarding respondent's lack of funds and his reasons for changing employment have been heard, defendant will not have sustained his burden of proving that his failure was neither willful nor contumacious. Nevertheless, before he was found to be in contempt, he was entitled to an opportunity to present his evidence at an orderly hearing. The trial court erred in denying respondent's request to adduce additional evidence.

For the reasons stated, the judgment of the circuit court of Cook County is reversed and the cause is remanded for further proceedings consistent with the holdings of this opinion.

Reversed and remanded.

RIZZI, P. J., and WHITE, J., concur.