*In re* MARRIAGE OF LINDA ARNOLD, Plaintiff-Appellee, and ROBERT ARNOLD, Defendant-Appellant.

Third District   No. 3—82—0859

Opinion filed March 30, 1984.

Terry K. McClellan, of McClellan and Hirsh, of Romeoville, for appellant.

Gary L. Brown, of Kankakee, for appellee.

JUSTICE BARRY delivered the opinion of the court:

Robert Arnold appeals from an order of the circuit court of Will County finding him in contempt of court for failure to pay his daughter's extraordinary medical expenses and some bankruptcy attorney fees pursuant to a marriage dissolution decree entered in 1979.

At the time of the marriage dissolution, Linda Arnold was awarded custody of the couple's only child, a daughter, and Robert was ordered to pay $35 per week child support, all extraordinary medical expenses, and the attorney fees due for a prior bankruptcy. In January of 1981 the daughter was discovered to be allergic to dust, mold and grass and to require weekly shots to treat the allergy. The shots cost $13.50 per week. In July of 1981 Linda filed a petition for a rule to show cause, alleging the expenses incurred as a result of her daughter's allergy treatment and also alleging Robert's wilful refusal to pay those expenses. Linda also sought modification of the support order because she was now unemployed. Prior to Linda's petition, Robert had filed a petition for rule to show cause relating to visitation problems and had also requested a modification of visitation. As a result of the hearing on that petition, Linda was held to have been in contempt for denying visitation, but no penalty was imposed. Apparently no hearing was held on Linda's 1981 petition, and in June of 1982 Linda again filed a petition for rule to show cause because of Robert's allegedly wilful refusal to pay bankruptcy attorney fees and extraordinary medical expenses. Robert filed a counterpetition claiming that he had paid $215 in excess of the attorney fees owed. Both petitions were set for hearing on July 6, 1982, and a default judgment was entered in favor of Robert with findings by the court that Linda had made false statements, that Linda owed Robert $215, and that the rule to show cause should be dismissed with prejudice. This judgment was subsequently vacated upon motion of Linda's attorney, who had been delayed because of car trouble and who arrived 15 minutes late on July 6, 1982, to find the hearing over, even though he had notified the clerk's office that he was being delayed.

Finally a hearing was held on the petition in November 1982, and both Linda and Robert testified, as did Linda's present husband and Robert's mother. The dispute over the unpaid attorney fees will be discussed first. The bankruptcy attorney filed garnishment proceedings against Linda to collect the balance of the fees owing. According to Linda, $78 remained unpaid, and she paid that amount rather than be subjected to garnishment. She requested Robert to reimburse her, and he never did. Linda said that she did receive a check for $215 from Robert's mother on December 19, 1979, but Linda explained

that this was when she and Robert were attempting to reconcile, and the money was used to pay some bills and $75 was a birthday gift from Robert to her.

Robert testified that he had owed a total of $440 for the bankruptcy attorney fees plus $45 costs, and that he had paid a total of $592. Apparently certain checks and receipts were introduced into evidence as exhibits. However, none of the exhibits are a part of the record on appeal, so this court does not have the benefit of those items. According to the report of proceedings, Robert admitted on cross-examination that one document shows that he owed the attorney $660. We have also discovered in the record certain exhibits attached to Robert's response to Linda's petition for rule to show cause which indicate that in November of 1979 Robert owed the attorney $523, and that he paid $325 during that month. Robert stated on cross-examination that he "probably" mentioned a birthday gift to Linda on her birthday.

Robert's mother testified that on December 19, 1979, she received a phone call from Linda who said that she needed $215 to pay the attorney fees. Robert's mother said she wrote a check to Linda for that amount, and Robert later repaid her.

Concerning the allergy expenses, Linda testified that her daughter is four years old and has a serious allergy condition that requires weekly injections for the rest of her life. The injections cost $13.50 each, and have been paid thus far by Linda's present husband. Robert testified that Linda's husband had requested that he pay the medical bills, but Robert refused because he did not think $13.50 per week was an "extraordinary" amount.

At the conclusion of the hearing, the trial court held that the allergy expenses are extraordinary medical expenses, that Robert's failure to pay those expenses totalling $734.50 was wilful contempt, that Robert was liable for Linda's attorney fees in the amount of $400, that Robert was liable for the remaining $78.60 attorney fees for the bankruptcy, that Robert's failure to pay that amount was also wilful contempt, and sentenced Robert to 30 days in jail. Release was conditioned upon payment of the amount owed or by operation of law. The court also made some modifications in visitation and vacations, none of which are relevant to this appeal. Robert immediately paid the amounts as ordered and thereby purged himself of contempt.

Robert appeals from the order of the circuit court, claiming that he should not have been liable for the medical expenses, that his nonpayment was not wilful, that Linda's cause of action was barred, that he is not liable for the remaining attorney fee for the bankruptcy, and

that he should not be required to pay his wife's attorney fees. We affirm.

▮ We first consider Robert's contention that the allergy injections should not be found to be extraordinary medical expenses because they are small in amount ($13.50 per week) and because many children have allergies. We note that Robert did not introduce any evidence to show that his daughter's allergy was a common occurrence among children, and we cannot say that the trial court erred in finding that this was "extraordinary." Considering that Linda received $35 per week child support, a medical expense that amounts to more than one-third of the support funds can hardly be considered "small" or "ordinary." Robert also attempts to argue that this allergy resulted from Linda's move to a rural home with her new husband, but nothing in the record supports that conclusion. Apparently the child first saw a doctor shortly after the move to the country, but Linda testified without contradiction that the allergy symptoms were present earlier.

▮ Robert next argues that the court erred in holding him in contempt for wilful refusal to pay the medical expenses when in fact he had a reasonable basis for withholding payment. A father's failure to pay child support, as ordered by the court, is *prima facie* evidence of contempt, and the burden is upon him to prove that his failure was neither wilful nor contumacious and that he had a valid excuse for his failure to pay. (*Cooper v. Cooper* (1978), 59 Ill. App. 3d 457, 375 N.E.2d 925.) Lack of funds is, of course, a defense, but Robert did not assert such a defense, and in fact testified that he was employed during the time these bills were incurred. His only defense was that he did not believe the cost of the allergy treatment to be an "extraordinary" medical expense. Since the term extraordinary medical expense was not defined by the court order and has no commonly accepted meaning, we think a legitimate question arises as to whether these expenses come within the meaning of the phrase. In other words, we believe Robert had a valid excuse for refusing to pay until the trial court ruled that he should.

▮ A similar question arose in the case of *In re Marriage of Mayer* (1981), 97 Ill. App. 3d 313, 422 N.E.2d 1154, where the father had failed to pay the medical bills relating to his daughter's knee surgery. At the hearing on the mother's rule to show cause, he claimed that the bills were not extraordinary. The trial court held that the expenses were extraordinary and that the father must pay them. The court then continued the matter for 45 days for a status report on the father's compliance. At the hearing on status report, upon finding that the expenses were still unpaid, the court held the father in con-

tempt. This procedure has much to commend it in situations like the one before us. Here, once the trial court determined that Robert was in fact liable for his daughter's allergy treatment, Robert should have been allowed a reasonable time to pay the bill before being found in contempt. Consequently, the portion of the trial court's order finding Robert to have been in contempt for failure to pay the $734 medical expenses is vacated.

■ Robert also argues that Linda should be barred from proceeding to collect these expenses on grounds of collateral estoppel and *laches*. Neither of these arguments was presented to the trial court, and it is well established that matters not presented to or ruled upon by the trial court may not be argued as error on appeal. (*Gentile v. Gentile* (1980), 87 Ill. App. 3d 311, 409 N.E.2d 52.) According, we do not consider these contentions.

■ Robert next insists that he has already paid more than he originally owed to the attorney for bankruptcy fees, and that the court erred in ordering him to pay another $78.60. As indicated in our statement of the facts, the evidence on this question was conflicting, and considering the record filed in this court, we cannot say that the trial court erred in its finding. Obviously the trial court chose to believe Linda rather than Robert and his mother, and we must assume that the documents introduced into evidence as exhibits support the court's decision. Where the record on appeal is incomplete, it must be presumed that the evidence was sufficient. (*Flynn v. Vancil* (1968), 41 Ill. 2d 236, 242 N.E.2d 237.) Robert did not meet his burden of demonstrating error.

■ Robert also contends that it was error to hold him in contempt for his failure to pay the $78.60. Since the record does not indicate that he had any reason for refusing to pay, other than his mistaken belief that he did not owe the sum, we cannot say that the court erred. The failure to pay what he had been ordered to pay was *prima facie* evidence of contempt, and the record before us does not provide any basis for concluding that Robert rebutted that presumption.

We note that Linda has, with leave of court, filed a reply brief to rebut the arguments contained in Robert's reply brief. However, we have not considered those arguments since the rules of the supreme court governing appeals make no provision for appellees to file a reply brief (when no cross-appeal has been filed), and we see no compelling reason for such a brief to have been filed here. Linda does point out that Robert goes outside the record in his brief; however, she does not move to strike those portions of Robert's briefs. Regardless, we

do not, of course, rely upon matters not in the record before this court.

Robert's final contention is that the court abused its discretion in ordering him to pay Linda's attorney fees without a determination that she was unable to do so. The record indicates that Linda was unemployed and had no income other than the child support paid by Robert. The record also indicates that Robert did have income. We think the evidence was sufficient to justify the trial court's order. There is no abuse of discretion shown.

The order of the trial court is vacated in part and affirmed in part.

Vacated in part; affirmed in part.

ALLOY and HEIPLE, JJ., concur.