COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judges Benton and Elder
Argued at Richmond, Virginia


DANIEL T. STREET
                                            OPINION BY
v.        Record No. 2364-95-4      JUDGE LARRY G. ELDER
                                        JANUARY 21, 1997
JOYAL C. STREET


          FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                   Gerald Bruce Lee, Judge


          M. Lee Anne Washington (Surovell, Jackson,
          Colten & Dugan, P.C., on briefs), for
          appellant.

          Richard J. Byrd (Byrd, Mische, Bevis, Bowen,
          Joseph & O'Connor, P.C., on brief), for
          appellee.


     Daniel T. Street (husband) appeals three orders of the trial

court finding him in contempt of court for failing to pay spousal

and child support.  Husband contends that the trial court erred

when it refused to hear his evidence purportedly showing that he

is unable to pay his support obligations.  For the reasons that

follow, we reverse and remand.

                              I.

                            FACTS

     The parties were married in 1969 and divorced in 1995.  In

1993, the trial court ordered husband to pay pendente lite

support to Joyal C. Street (wife) in the amount of $2,000 per

month.  Following a hearing on equitable distribution, spousal

and child support on April 24, 25, and May 2, 1995, the trial

court determined that husband's carpet installation business was

worth $160,000 and that his monthly income from this business was $6,139. In its final decree of divorce, announced on May 18, the trial court increased husband's monthly spousal and child support payments to $3,221 per month. Husband closed his business on June 16, 1995 because "it was not making money" and began employment in another carpet installation business at a salary of $2,500 per month.

On July 7, wife petitioned the trial court to issue a rule to show cause against husband because he was behind on his support obligations. At the show cause hearing on July 28, the evidence showed that husband was in arrears in the amount of $5,475. At the hearing, the trial court refused to allow husband to call a witness, Mr. Lane, to testify regarding the financial condition of husband's business before it was closed. The trial court entered an order that found husband in contempt for "willfully violat[ing]" its support orders and jailed him until he made a substantial payment toward the arrearage and filed a written plan outlining his future compliance with the orders. The trial court scheduled a review hearing for August 25.

On August 4, husband presented a written plan to the trial court and requested his release on the condition that he complete a pending installation job and make a payment to wife of $4,000. Wife objected to the plan because it proposed that husband pay only $1,250 of his monthly support obligations. The trial court issued an order that found husband still in contempt but released

-2-

him from incarceration so that he could complete the pending job and make the $4,000 payment to wife. Husband was also ordered to present a new written plan at the review hearing that set forth how he would meet his monthly support payments in full. On August 18, husband filed a petition for modification of his support obligations.

At the review hearing on August 25, husband presented a plan under which he would pay $945 per month in spousal and child support. After wife's counsel objected to the plan, husband's counsel stated:

> Your Honor, I don't know how to get blood out of a turnip. We are trying to find a way to borrow money, but there really -- I mean, I would be happy to give you evidence of what is in his checking accounts; we have that here; the evidence of what his salary is. There is no more evidence that we can give to the Court, Your Honor, and I think inability to pay is a legitimate reason in a show cause hearing . . . . Your Honor, I would be happy to show inability to pay. I mean, we can do that today.

After a brief recess, the trial court would not hear the evidence proffered by husband's counsel and continued the review hearing until after the hearing on husband's petition for modification, which was already set for September 27.

Husband's petition for modification was denied,[1] and the trial court resumed the review hearing on October 6. At the

---

[1] The trial court's decision in that case was reversed and remanded in an opinion released simultaneously with this opinion. See Street v. Street, Record No. 2363-95-4.

hearing, husband's counsel again attempted to offer evidence showing that husband was unable to pay his monthly support obligations, and the trial court again refused to hear this evidence:

> MS. WASHINGTON:  Today, your question is, does he have an ability to pay?
>
> THE COURT:  No.  My question today is, he is to present a written plan for compliance with the court order.
>
> MS. WASHINGTON:  Well, in that case, Your Honor, you have asked for something that is impossible to be done.  We have done everything we can legally to try to address that question. . . . Mr. Lane is here for the third time to explain the inability to pay.
>
> \* \* \* \* \* \* \*
>
> THE COURT:  Let me save you some time, Ms. Washington.  I think your client has the absolute right to appeal the court's ruling holding him in contempt.  It is not my plan today to review again whatever his financial condition is.

The trial court entered an order at the conclusion of the hearing that found husband "in contempt of court in that he has failed to make payments for support as previously ordered by this court and failed to provide a plan to comply with the court ordered support."  The order also stated that it "incorporates all previous orders in this matter of contempt."  Husband's counsel endorsed the trial court's order as "seen and objected to on the finding of contempt and failure to hear evidence of inability to pay."

II.

RULE 5A:6:  TIMELY NOTICE OF APPEAL

Wife contends that husband failed to file a timely notice of appeal pursuant to Rule 5A:6.  We disagree.

It is well established that some orders of a court become appealable before they are final but need not be appealed until a final order is entered.  Weizenbaum v. Weizenbaum, 12 Va. App. 899, 903, 407 S.E.2d 37, 39 (1991) (citing Harper v. Vaughn, 87 Va. 426, 429, 12 S.E. 785, 786 (1891); Richardson v. Gardner, 128 Va. 676, 682, 105 S.E. 225, 227 (1920)); see Hess v. Hess, 108 Va. 483, 486, 62 S.E. 273, 274 (1908).  A contempt order is appealable if it adjudicates all issues of guilt and imposes a sentence.  Peet v. Peet, 16 Va. App. 323, 326, 429 S.E.2d 487, 489 (1993); E.I. du Pont de Nemours & Co. v. Universal Moulded Products Corp., 189 Va. 523, 526, 53 S.E.2d 835, 836 (1949).  However, a court order is not final unless it "disposes of the whole subject, gives all the relief that was contemplated, provides with reasonable completeness for giving effect to the sentence, and leaves nothing to be done in the cause save to superintend ministerially the execution of the decree."  Richardson, 128 Va. at 683, 105 S.E. at 227.

In this case, although the orders of July 28 and August 4 were appealable because they found husband in contempt and imposed a sentence, they were not final because in each order the trial court continued the case for review on a date certain.  The order of August 25 also continued the trial court's review of the

-5-

case to October 6.  Because these orders were not final, husband was not required to file a notice of appeal within thirty days of their entry.  The order of the trial court entered on October 6 was final because it contemplated no further review and left "nothing to be done in the cause save to superintend ministerially the execution of the [order]."  Richardson, 128 Va. at 683, 105 S.E. at 227.  Husband filed his notice of appeal on October 11, well within thirty days after the entry of the final order, and thus complied with Rule 5A:6.

III.

TRIAL COURT'S REFUSAL TO HEAR EVIDENCE

REGARDING HUSBAND'S INABILITY TO PAY

Husband contends that the trial court erred when it refused to hear evidence concerning his inability to pay his support obligations.  He argues that the trial court violated his due process right under the Fourteenth Amendment to present a defense to a charge of contempt.  We agree.

We hold that a defendant charged with out-of-court contempt must be given the opportunity to present evidence in his defense, including the right to call witnesses.  The due process clause of the Fourteenth Amendment requires that alleged contemners "have a reasonable opportunity to meet [the charge of contempt] by way of defense or explanation."  Cooke v. United States, 267 U.S. 517, 537, 45 S. Ct. 390, 395, 69 L.Ed. 767 (1925); see Holt v. Virginia, 381 U.S. 131, 136, 85 S. Ct. 1375, 1378, 14 L.Ed.2d 290 (1965) (stating that due process guarantees a defendant charged

-6-

with contempt "an opportunity to be heard in his defense--a right to his day in court"), rev'g Holt v. Commonwealth, 205 Va. 332, 136 S.E.2d 809 (1964). This due process right includes the right to testify, to examine the opposing party, and to call witnesses in defense of the alleged contempt. 27B C.J.S. Divorce § 456 (1986); see Simmons v. Simmons, 66 S.D. 76, 80, 278 N.W. 537, 538 (1938).

In this case, we hold that the trial court erred when it refused to allow husband to call witnesses to prove that he was unable to pay his court-ordered support obligations. In Virginia, inability to pay is a defense to a charge of contempt. Barnhill v. Brooks, 15 Va. App. 696, 704, 427 S.E.2d 209, 215 (1993); Laing v. Commonwealth, 205 Va. 511, 515, 137 S.E.2d 896, 899 (1964); Lindsey v. Lindsey, 158 Va. 647, 654, 164 S.E. 551, 553 (1932). "[O]nce nonpayment [of a support order] is established, the burden is on the obligor to provide justification for the failure to comply." Barnhill, 15 Va. App. at 704, 427 S.E.2d at 215.

One of the purposes of the review hearing on October 6 was to determine whether husband was still in contempt of the court's support orders. At the hearing, husband's counsel raised as a defense husband's inability to comply with his support obligations and stated her desire to call Mr. Lane as a witness. In response, the trial court refused to hear any of husband's evidence, stating, "[i]t is not my plan today to review again

-7-

whatever his financial condition is."  Husband had a right to his day in court on the issue of his inability to pay, which is a valid defense to a charge of contempt, and the trial court erred when it refused to permit him to present his evidence in support of this defense.  See In re Marriage of Mayer, 97 Ill. App. 313, 315-16, 422 N.E.2d 1154, 1155-56 (1981) (holding that court abused discretion by refusing to permit alleged contemner an opportunity to present his evidence); Deutsch v. Deutsch, 368 So.2d 625 (Fla. Dist. Ct. App. 1979) (holding contempt order "wrong" when court summarily precluded alleged contemner from presenting his case); Simmons, 66 S.D. at 80, 278 N.W. at 539 (holding that it is error to deny request of alleged contemner to present witnesses in his defense).

Wife contends that the trial court did not err in refusing to hear husband's evidence because husband testified at the hearing on July 28 that he had voluntarily closed his business. Wife argues that under Antonelli v. Antonelli such a voluntary change can never be a defense to contempt.  242 Va. 152, 409 S.E.2d 117 (1991).  We disagree.

In Antonelli, the Virginia Supreme Court held that the reduction of income as a result of a parent's intentional act, even if done in good faith, does not warrant a modification of support.  Id. at 155-56, 409 S.E.2d at 119-20.  However, contrary to wife's assertion, Antonelli on its face applies only to petitions to modify support and not to charges of contempt.

In addition, when a payor spouse is unable to pay his support obligations, there is a significant difference between the test for modification under Antonelli and the test for avoiding conviction in a contempt proceeding. Contempt proceedings are controlled by the standard set forth in Laing, which states:

> It is true that the inability of an alleged contemner, without fault on his part, to render obedience to an order of court is a good defense to a charge of contempt. But where an alleged contemner has voluntarily and contumaciously brought on himself disability to obey an order, he cannot avail himself of a plea of inability to obey as a defense to the charge of contempt.

205 Va. at 515, 137 S.E.2d at 899 (emphasis added). Thus, although a payor spouse who is unable to pay his support obligations due to a good faith, voluntary reduction in income is unlikely to have his support obligations modified under Antonelli, this same payor spouse cannot be found in contempt unless the evidence shows that the reduction in his income was also contumacious. See Duff v. Commonwealth, 16 Va. App. 293, 298, 429 S.E.2d 465, 467-68 (1993) (trial court abused discretion by revoking suspended jail sentence where defendant was unable to pay due to financial setbacks and court found that failure to pay was neither willful nor fraudulent).

Wife also contends that the trial court did not err because husband was precluded from offering evidence on the financial condition of his business as a justification for closing the

-9-

business.  Wife argues that the trial court adjudicated the value of husband's business at the equitable distribution hearing and that the principle of res judicata precludes any subsequent relitigation of this issue, even at a contempt proceeding.  We disagree.

"[R]es judicata precludes the relitigation of a claim or issue once a final determination on the merits has been reached by a court having proper jurisdiction over the matter."  Commonwealth ex rel. Gray v. Johnson, 7 Va. App. 614, 617-18, 376 S.E.2d 787, 788 (1989).  However, the trial court only determined two issues at the equitable distribution hearing that pertained to husband's financial condition: (1) his monthly income, and (2) the value of his business on April 24, 25, and May 2, 1995, respectively, the dates of the hearing.  See Code § 20-107.3 (stating that at equitable distribution hearing "the court shall determine the value of any such property as of the date of the evidentiary hearing on the evaluation issue").  In contrast, at the hearing on October 6, husband did not seek to relitigate either the amount of his monthly income or the value of his business as of April 24, 25, and May 2, respectively.  Instead, husband sought to prove that his financial condition on October 6 was such that he was unable to comply with his support obligations.  See Kaplan v. Kaplan, 22 Va. App. 542, 549-50, 466 S.E.2d 111, 114-15 (1996) (holding that res judicata does not bar husband from litigating a change in his ability to pay child

-10-

support one month after court entered award).  Because husband sought to litigate issues other than those determined at the equitable distribution hearing, principles of <u>res</u> <u>judicata</u> do not apply.

For the foregoing reasons, we reverse and remand this matter to the trial court for further proceedings consistent with this opinion.

<u>Reversed and remanded</u>.