COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Elder and Lemons
Argued at Norfolk, Virginia


PAMELA M. VOKES, N/K/A
 PAMELA M. SPIGGLE
                                        OPINION BY
v.       Record No. 2699-97-1    JUDGE LARRY G. ELDER
                                     SEPTEMBER 29, 1998
MARTIN A. VOKES


        FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                    Robert P. Frank, Judge

          Charles R. Hofheimer (Charles R. Hofheimer,
          P.C., on briefs), for appellant.

          Timothy S. Fisher (Overman, Cowardin &
          Martin, P.L.C., on brief), for appellee.


     Pamela M. Vokes (mother) appeals four decisions made by the

trial court in two separate orders stemming from a custody

dispute with Martin A. Vokes (father).  Regarding an order

entered July 3, 1997, mother contends the trial court erred when

it (1) found father did not sexually abuse the parties' daughter,

(2) granted father's motion to transfer custody of the parties'

two sons from mother to father, and (3) awarded mother visitation

with these two children "as agreed between the parties."

Regarding an order entered October 20, 1997, mother contends the

trial court erred when it ordered her to pay father's attorney's

fees and the costs of the children's guardian ad litem incurred

following the trial court's initial ruling.  Father argues that

mother's appeal is barred because she failed to file her notice

of appeal of these orders within the time period prescribed by

Rule 5A:6(a).  He also requests an award of attorney's fees and costs associated with this appeal, which he contends is "clearly without basis in law or fact."  For the reasons that follow, we dismiss mother's appeal of the trial court's order of July 3, 1997, vacate the trial court's award of attorney's fees and guardian ad litem costs contained in its order of October 20, 1997, and grant father's request for attorney's fees and costs associated with this appeal.

I.

FACTS

The parties married in 1986, had one daughter and two sons, and divorced in 1993.  In June 1994, the Family Court of Steuben County, New York (New York Family Court) awarded mother sole custody and primary physical placement of the parties' three children.  It awarded father supervised visitation with the younger son but declined to permit father any physical or telephonic visitation with the other two children pending the completion of psychological evaluations of these children.

In August 1994, mother moved with the children from New York to Newport News, Virginia.  In January 1995, the New York Family Court found mother in contempt for leaving New York and denying father visitation with the younger son.  It also ordered that father have two months of unsupervised visitation with both sons.  In August 1995, the Juvenile and Domestic Relations District Court of Newport News (J&DR court) registered this order and

2

ordered mother to permit father to have unsupervised visitation with the boys.

In May 1996, father filed a motion in the J&DR court to transfer custody of the two sons, but not the daughter, from mother to father. In July 1996, the J&DR court granted father's motion, and mother timely noted her appeal. On March 31 and April 1, 1997, the trial court held a two-day de novo hearing on father's motion. At the hearing, the parties offered conflicting evidence regarding whether father had sexually abused the daughter and the older son in the past and whether he had recently physically abused the boys while they were in his care. The trial court ruled from the bench that a material change in circumstances had occurred following the entry of the New York Family Court's order granting mother custody and that it would be in the sons' best interest for father to have custody of them. The trial court also expressly found that father had not sexually or physically abused any of the parties' children. On July 3, 1997, the trial court entered an order reflecting its ruling.

At the hearing on July 3 to enter the order, the parties informed the trial court that a hearing was scheduled on August 8 to adjudicate mother's motion for reconsideration, which mother's counsel stated was "based on new evidence." Mother's counsel requested the trial court to delay until August 8 entering the order reflecting its ruling of April 1 "so that [mother's] appeal time doesn't start running." Father's counsel objected to this

3

request.  In an apparent attempt to satisfy both parties'
requests, the trial court amended the final paragraph of the
order so that it read:

it is further ADJUDGED, ORDERED AND DECREED

\*      \*      \*      \*      \*      \*      \*

9.  That this cause shall remain on the
docket of this Court <u>for further hearing</u> as
such shall not yet be remanded to the
Juvenile and Domestic Relations District
Court,

(emphasis added) rather than:

it is further ADJUDGED, ORDERED AND DECREED

\*      \*      \*      \*      \*      \*      \*

9.  That this cause shall remain on the
docket of this Court <u>for monitoring the
visitation</u> as such shall not yet be remanded
to the Juvenile and Domestic Relations
District Court.

(Emphasis added).

The trial court emphasized that it would not rehear the case
at the hearing scheduled on August 8.  It stated:

I'm not going to rehash the same things.  I
think we've spent enough time on this case.
If there's new evidence and the evidence
wasn't available at the time of the last
hearing, then I'll deal with that, but I'm
not going to hear the same evidence again.
I've ruled once.  If I'm wrong then somebody
can correct me.

Mother did not file a notice of appeal within thirty days of
the entry of the trial court's order on July 3.

On August 8, following a hearing, the trial court denied

4

mother's motion for reconsideration.  The trial court also ordered mother to pay father's legal fees and the costs of the boys' guardian ad litem incurred following the conclusion of the hearing on March 31 and April 1, 1997.  On October 20, 1997, the trial court entered an order reflecting its ruling of August 8. On November 12, 1997, mother filed her first and only notice of appeal of any of the orders of the trial court.

II.

TIMELINESS OF MOTHER'S NOTICE OF APPEAL

OF THE ORDER ENTERED ON JULY 3

Father contends that mother's appeal of the trial court's order of July 3 should be dismissed because it was not filed within the time limits of Rule 5A:6(a) and Code § 8.01-675.3.  We agree.

Under Rule 5A:6(a), "[n]o appeal shall be allowed unless, within 30 days after entry of final judgment . . . , counsel files with the clerk of the trial court a notice of appeal . . . ."  See also Code § 8.01-675.3.  A court order is final if it "'disposes of the whole subject, gives all the relief that was contemplated, provides with reasonable completeness for giving effect to the sentence, and leaves nothing to be done in the cause save to superintend ministerially the execution of the decree.'"  Street v. Street, 24 Va. App. 14, 19, 480 S.E.2d 118, 121 (1997) (quoting Richardson v. Gardner, 128 Va. 676, 683, 105 S.E. 225, 227 (1920)).

In <u>Street</u>, we held that a party's appeal from an order finding him in contempt for failing to pay court-ordered support was timely, even though the appeal was filed more than thirty days after the original finding of contempt. Citing <u>Wiezenbaum v. Wiezenbaum</u>, 12 Va. App. 899, 903, 407 S.E.2d 37, 39 (1991), we explained that "some orders of a court become appealable before they are final but need not be appealed until a final order is entered." <u>Street</u>, 24 Va. App. at 19, 480 S.E.2d at 121. We noted that a contempt order is just such an order; it is "appealable if it adjudicates all issues of guilt and imposes a sentence," <u>id.</u>, but the party held in contempt also may wait until entry of a final order "'dispos[ing] of the whole subject'" before appealing. <u>Id.</u> (quoting <u>Richardson</u>, 128 Va. at 683, 105 S.E. at 227).

In <u>Street</u>, the trial court originally found the husband in contempt on July 28 but continued the matter several times to give husband the opportunity to prepare and submit a written plan for meeting his monthly support obligation in full. <u>See</u> <u>id.</u> at 17–18, 480 S.E.2d at 120. When husband failed to submit a plan by October 6, the trial court renewed the finding of contempt, incorporated its previous findings of contempt, indicated that it did not intend to review husband's financial condition any further, and noted that husband had "an absolute right" to appeal the findings of contempt. <u>See</u> <u>id.</u> at 18–19, 480 S.E.2d at 120–21. On those facts, we held that the contempt order was not

6

final until October 6 and that husband's appeal, filed less than a week later, was timely under Rule 5A:6.  See id. at 19-20, 480 S.E.2d at 121.

Here, by contrast, we hold that mother's appeal of the trial court's order of July 3, 1997, was not timely filed in accordance with Rule 5A:6(a).  The trial court's order of July 3, 1997, granting father's motion to transfer custody, was "final" because it disposed of the entire subject matter raised in father's motion and granted all of the relief contemplated.  Mother's notice of appeal was not filed until November 12, 1997, more than thirty days after entry of the trial court's order of July 3. Because mother failed to file a notice of appeal within thirty days of the entry of the order of July 3, Rule 5A:6(a) prevents us from hearing her appeal of this order.

Mother argues that the time period set forth in Rule 5A:6(a) did not start running on July 3 because the trial court amended its order with the intent of preventing this time period from starting to run until after the August 8 hearing on mother's motion to reconsider.  We disagree that the steps taken by the trial court on July 3 were sufficient to toll the running of the time period in Rule 5A:6(a).

> In order to toll the time limitations of Rule 1:1 and Rule 5A:6(a), it is not sufficient for the trial judge merely to express a desire to consider action or take the issue under advisement; rather, the trial judge must issue an order modifying, vacating or suspending the [order] within twenty-one days of the entry of [the order].

D'Alessandro v. Commonwealth, 15 Va. App. 163, 167, 423 S.E.2d 199, 201 (1992) (emphasis added). The thirty-day period of Rule 5A:6(a) cannot be tolled by either the filing of a post-judgment motion to set aside or reconsider the judgment or the pendency of such a motion on the thirtieth day after final judgment. See School Bd. v. Caudill Rowlett Scott, Inc., 237 Va. 550, 556, 379 S.E.2d 319, 323 (1989).

Despite the trial court's apparent intention to the contrary, the court's statement in its order that father's motion to transfer child custody "shall remain on the docket of this Court for further hearing" was insufficient to toll the running of the thirty-day period of Rule 5A:6(a). The record indicates that, at the time the trial court entered its order of July 3, it had heard all relevant evidence on father's motion and made a final ruling on the merits. At the hearing of July 3, the trial court expressly stated that it had ruled with finality on father's motion and that the sole purpose of the hearing on August 8 was to hear evidence meeting the strict legal criteria of "after-discovered evidence." The trial court's agreement to hear mother's motion to reconsider had no tolling effect. Because the order entered on July 3 contained no language stating that the trial court either modified or vacated the order or suspended its execution, the thirty-day period for filing a notice of appeal of the order under Rule 5A:6(a) began running on the date the order was entered.

III.
TRIAL COURT'S AWARD OF

ATTORNEY'S FEES AND COST OF GUARDIAN <u>AD</u> <u>LITEM</u>

We also hold that the trial court erred when, as part of its ruling on mother's motion to reconsider, it ordered mother to pay father's attorney's fees and the costs of the boys' guardian <u>ad litem</u>.[1]

Under Rule 1:1, a trial court is divested of jurisdiction over a matter twenty-one days after the entry of a final order unless within the twenty-one-day period it enters an order suspending or vacating the final order. See <u>Davis v. Mullins</u>, 251 Va. 141, 148-49, 466 S.E.2d 90, 94 (1996).

> "Neither the filing of post-trial or post-judgment motions, nor the court's taking such motions under consideration, nor the pendency of such motions on the twenty-first day after final judgment is sufficient to toll or extend the running of the 21-day period prescribed by Rule 1:1 . . . ."

<u>D'Alessandro</u>, 15 Va. App. at 166, 423 S.E.2d at 201 (quoting <u>Caudill Rowlett Scott, Inc.</u>, 237 Va. at 556, 379 S.E.2d at 323). Once the twenty-one-day period of Rule 1:1 has expired without an intervening order tolling the running of the time period, every action taken by a court thereafter to alter or vacate the final order is a nullity unless one of the limited exceptions to the preclusive effect of Rule 1:1 applies. See <u>Davis</u>, 251 Va. at

---

[1] The order containing this award was entered on October 20, 1997. As such, mother's notice of appeal was timely filed under Rule 5A:6(a) with regard to this order.

149, 466 S.E.2d at 94.

The trial court's order awarding father's attorney's fees and guardian ad litem costs was a nullity because this order was entered after the trial court was divested of jurisdiction under Rule 1:1 and because mother's motion to reconsider was not based upon any of the exceptions to Rule 1:1. The trial court made its award of attorney's fees and guardian ad litem costs in a ruling from the bench on August 8 and in a written order entered on October 20, both of which occurred more than twenty-one days after the entry of the final order granting father's motion to transfer custody on July 3. The trial court did not enter an order vacating or suspending the execution of the July 3 order within Rule 1:1's twenty-one-day time period. Moreover, mother's motion to reconsider was not based on the ground that the trial court's judgment entered on July 3 was void, see Rook v. Rook, 233 Va. 92, 95, 353 S.E.2d 756, 758 (1987), or that the record contained a clerical error, see Council v. Commonwealth, 198 Va. 288, 292, 94 S.E.2d 245, 248 (1956); Code § 8.01-428(B). In addition, the trial court did not assert its authority under Code § 8.01-271.1 to impose attorney's fees and reasonable costs as a sanction for a frivolous motion made for an "improper purpose." Thus, on August 8, regardless of the pendency of mother's motion to reconsider the merits of the trial court's order of July 3, the trial court was without jurisdiction when it adjudicated this motion and awarded attorney's fees and guardian ad litem costs.

10

See Fairfax County Dep't of Human Dev. v. Donald, 251 Va. 227, 228-30, 467 S.E.2d 803, 804-05 (1996).

In Donald, the Virginia Supreme Court held that the circuit court was without jurisdiction to award fees in an appeal from the district court because that appeal was not filed within ten days from entry of the district court's final judgment, as required under Code §§ 16.1-136 and 16.1-296. Donald, 251 Va. at 229-30, 467 S.E.2d at 804-05. The Court held that Code § 16.1-278.19 is "the sole authority granted to district courts for awarding attorney's fees," and that, under Code § 16.1-296, the circuit court's authority in appeals from the district court is derivative of the district court's authority. Donald, 251 Va. at 229, 467 S.E.2d at 804. Code § 16.1-278.19 permits the district court to award fees only in matters "properly before the court." Donald, 251 Va. at 229, 467 S.E.2d at 804. Because Fairfax County did not timely appeal the matter from the district court to the circuit court, the Supreme Court held that the appeal was not properly before the circuit court and that the circuit court lacked jurisdiction to award fees and costs. See id. at 229-30, 467 S.E.2d at 804-05. Those principles are applicable to the circumstances of this case.

IV.
HUSBAND'S REQUEST FOR AN AWARD OF

11

ATTORNEY'S FEES AND COSTS ON APPEAL

After considering the circumstances of this case and because the appeal of the trial court's October 20, 1997 order is "properly before [this] court," we grant father's request for attorney's fees and costs related to this appeal.

For the foregoing reasons, we dismiss mother's appeal of the trial court's order entered on July 3, 1997, vacate the trial court's award of attorney's fees and guardian ad litem costs in

12

its order of October 20, 1997, and remand for a determination of attorney's fees and costs related to this appeal.

<u>Dismissed in part, vacated in part and remanded</u>.