COURT OF APPEALS OF VIRGINIA

Present:   Judges Benton, Elder and Clements
Argued at Alexandria, Virginia


DANIEL GAYLE PRICE

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2116-06-3               JUDGE LARRY G. ELDER
                                                          MARCH 6, 2007

CORNETTA RICHARDSON PRICE


FROM THE CIRCUIT COURT OF GRAYSON COUNTY
J. Colin Campbell, Judge

        Alan K. Caudell for appellant.

        Kendall O. Clay for appellee.


        In this appeal, Daniel Gayle Price (husband) challenges several aspects of a ruling granting

Cornetta Richardson Price (wife) a divorce and equitably distributing the parties' property.  We

dismiss the appeal because it was not timely filed.

        On September 16, 2005, the trial court entered a "Final Decree of Divorce" (the 2005

decree) in which it granted wife's request for a divorce; classified, valued and divided various assets

of the parties; and entered an award of spousal support.  In dividing the property, the court gave

husband the option of satisfying a portion of the equitable distribution award by either conveying a

particular property interest to wife or by paying her a specified sum for her share.  The trial court

ordered that "this cause is continued on the docket of the Court for further proceedings consistent

with the rulings of the Court contained herein."  Husband's attorney endorsed the 2005 decree "seen

and objected to" for seven numbered reasons, including the four he asserts in this appeal, but he did

not ask the court to set aside the decree, and he did not file a notice of appeal within thirty days after

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

its entry. Thereafter, the parties filed various motions seeking the help of the court in interpreting and enforcing the 2005 decree, but the trial court took no action to modify, vacate or set aside the decree at any point after its entry.

On February 13, 2006, husband filed a document titled "Election Regarding Property Subject to Equitable Distribution," in which he informed the trial court how he intended to satisfy the spousal support and equitable distribution awards made in the 2005 decree but purported to do so "without waiving his objections and exceptions" to certain aspects of it. In an order entered July 24, 2006 (the 2006 order), printed on paper bearing the name of husband's attorney and also titled "Final Decree," the court detailed the actions husband had taken to satisfy the equitable distribution and spousal support awards and concluded husband had fulfilled his obligations under the 2005 decree. The 2006 order stated that "nothing further remain[s] to be done in the cause" and ordered it "stricken from the docket." Husband endorsed the 2006 order "seen and objected to" and listed six numbered objections that were identical to the first six objections he made to the 2005 decree. Those objections pertained to various awards that had been made by the court in the 2005 decree and that were mentioned in the 2006 order solely for the purpose of indicating husband had satisfied them. On August 24, 2006, husband filed a notice of appeal.

The notice of appeal in this case was not timely filed. "Rule 5A:6(a) provides that no appeal will be allowed unless a notice of appeal is filed with the clerk of the trial court within thirty days of final judgment. That rule is mandatory, not directory." D'Alessandro v. Commonwealth, 15 Va. App. 163, 167, 423 S.E.2d 199, 201 (1992). "The time period for filing the notice of appeal is not extended by the filing of a motion for a new trial, a petition for rehearing, or a like pleading unless the final judgment is modified, vacated, or suspended by the trial court pursuant to Rule 1:1." Rule 5A:3(a). For an order purporting to modify, vacate or suspend a judgment to be effective, the order must be entered within twenty-one days after entry of the underlying judgment. See Rule 1:1.

A judgment or order is final for purposes of appeal "if it '"disposes of the whole subject, gives all the relief that was contemplated, provides with reasonable completeness for giving effect to [what has been ordered], and leaves nothing to be done in the cause save to superintend ministerially the execution of the decree."'" Vokes v. Vokes, 28 Va. App. 349, 355, 504 S.E.2d 865, 868 (1998) (quoting Street v. Street, 24 Va. App. 14, 19, 480 S.E.2d 118, 121 (1997) (quoting Richardson v. Gardner, 128 Va. 676, 683, 105 S.E. 225, 227 (1920))).

Here, the 2005 decree was the "final" order for purposes of noting an appeal because "it disposed of the entire subject matter" and "granted all of the relief contemplated." Id. at 356, 504 S.E.2d at 868. Although the trial judge retained the authority pursuant to Code § 20-107.3(K) to enter "additional orders necessary to effectuate and enforce" the equitable distribution and implicitly referenced that authority in the 2005 decree provision "continu[ing] [the cause] on the docket of the Court for further proceedings consistent with the rulings," that authority did not render the court's 2005 decree any less "final" for purposes of appeal. The 2005 decree, rather than the 2006 order, "'"dispose[d] of the whole subject, g[ave] all the relief that was contemplated, provide[d] with reasonable completeness for giving effect to [what had been ordered], and le[ft] nothing to be done in the cause save to superintend ministerially the execution of the decree."'" Vokes, 28 Va. App. at 355, 504 S.E.2d at 868 (quoting Street, 24 Va. App. at 19, 480 S.E.2d at 121 (quoting Richardson, 128 Va. at 683, 105 S.E. at 227)). The 2006 order, by contrast, involved only "superintend[ing] ministerially the execution of the decree" and was not a "final" order on these facts for purposes of appeal. Id. It was to the substantive rulings in the 2005 decree that husband's objections pertained, and husband's timely filing of objections to the 2005 decree did nothing to toll the appeal period because the trial court did not modify, vacate or suspend that judgment at any time following its entry.

For these reasons, we conclude the notice of appeal was not timely filed, and we dismiss the appeal for lack of jurisdiction.

<u>Appeal dismissed.</u>