COURT OF APPEALS OF VIRGINIA


Present:    Judges Kelsey, Petty and Senior Judge Bumgardner


ODESSA W. WINFIELD

                                                        MEMORANDUM OPINION[*]
v.        Record No. 1206-08-2                                PER CURIAM
                                                        OCTOBER 28, 2008
SOUTHSIDE VIRGINIA TRAINING CENTER


                FROM THE CIRCUIT COURT OF DINWIDDIE COUNTY
                            Thomas V. Warren, Judge

            (Richard F. Hawkins, III; The Hawkins Law Firm, PC, on briefs), for
            appellant.

            (Robert F. McDonnell, Attorney General; Maureen Riley Matsen,
            Deputy Attorney General; Peter R. Messitt, Senior Assistant
            Attorney General; Crystal Y. Twitty, Assistant Attorney General, on
            brief), for appellee.


        This appeal arises from a judgment of the circuit court affirming a hearing officer's decision

upholding the disciplinary action taken by Southside Virginia Training Center against Odessa W.

Winfield.  On appeal, Winfield contends the circuit court committed error and/or abused its

discretion (1) in violating Code § 2.2-3006(B) and § 7.3 of the Department of Employment Dispute

Resolution's ("the Department") Grievance Procedure Manual by failing to hold a hearing on her

grievance appeal prior to issuing its decision; (2) by issuing a decision based on an incomplete

record; and (3) by issuing and then refusing to reverse its decision in the case styled Odessa

Winfield v. Southside Virginia Training Center, CL08000074-00, where Winfield's true grievance

appeal was previously and properly docketed as a separate case styled as Odessa Winfield v.

Southside Virginia Training Center, CL07000302-00.  Upon reviewing the record and the parties'

_____
        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

briefs, we conclude that Winfield failed to preserve these questions for appellate review. Therefore, we summarily affirm the circuit court's decision without addressing the merits of this appeal. See Rule 5A:27.[1]

Winfield did not make a timely objection or timely raise any of the arguments she now makes on appeal before the circuit court with respect to her contention that the circuit court erred in issuing a decision without holding a hearing, her allegation that the record was incomplete, or her contention that the case was incorrectly docketed. While her counsel sent a letter to the circuit court after it issued its April 16, 2008 decision, which arguably raised the procedural issues Winfield now asserts on appeal, that letter was not filed until, at the earliest, May 16, 2008, and, therefore, came too late to preserve these questions for appellate review.[2]

---

[1] We note that in her questions presented contained in her opening brief, Winfield did not specifically raise the substantive issue of whether the circuit court erred in ruling that the hearing officer's decision was not contradictory to the law nor did she include any argument on that substantive issue. Rather, in her questions presented and related argument contained in her opening brief, Winfield asserts various procedural errors she alleges were made by the circuit court in rendering its ruling. Accordingly, the substantive issue of whether the circuit court erred in concluding that the hearing officer's decision was not contradictory to the law is not before us on appeal. See Hillcrest Manor Nursing Home v. Underwood, 35 Va. App. 31, 39 n.4, 542 S.E.2d 785, 789 n.4 (2001) (declined to consider "an issue not expressly stated among the 'questions presented'"). Furthermore, to the extent that Winfield attempted to raise that issue in the "Introduction" contained in her reply brief, we will not consider it. See Epps v. Commonwealth, 47 Va. App. 687, 716 n.8, 626 S.E.2d 912, 925 n.8 (2006) (issues not raised in the questions presented or addressed in the appellant's opening brief cannot be raised for the first time in the appellant's reply brief), aff'd on other grounds, 273 Va. 410, 641 S.E.2d 77 (2007). Finally, we note that the Proposed Statement of Facts and Other Incidents of the Case contained in the record is not signed by the trial judge. A note dated June 25, 2008 attached to that document indicates as follows: "Will not enter order not endorsed by all counsel." On July 3, 2008, appellee filed objections to the proposed statement of facts. However, the record does not show that the trial judge took any further action with respect to the proposed statement of facts. In any event, the statement of facts is not necessary to our disposition of this case based upon our ruling that Winfield's appeal is procedurally defaulted.

[2] In her opening brief, Winfield describes that letter as a "request for reconsideration," and cites to its location in the joint appendix at pages 125-26, as the place where she preserved the questions presented in her opening brief. While that letter is dated May 5, 2008, the circuit court record shows it was not filed with the circuit court until, at the earliest, May 16, 2008. The letter is marked with the handwritten notation "May 16, '08 Filed w/papers," followed by

The record shows that the circuit court received the Department's record on March 27, 2008, and issued its decision based upon a review of that record on April 16, 2008. Thus, the letter filed either on May 16 or May 19, 2008, wherein Winfield arguably raised the questions she presents on appeal, was filed more than twenty-one days after the circuit court issued its decision, at a time when the circuit court had no jurisdiction to vacate, suspend, or modify its April 16, 2008 decision. The circuit court, in fact, did not act upon the requests made in Winfield's counsel's letter. Under these circumstances, Winfield never provided the circuit court with the opportunity to correct any perceived error, while it still had the jurisdiction to do so. Thus, it never considered the objections and/or arguments Winfield now makes on appeal.[3]

"No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. "The Court of Appeals will not consider an argument on appeal which was not presented to the trial

initials, and it is stamped as received by the circuit court clerk's office on May 19, 2008. The circuit court's Table of Contents for the record indicates that letter was filed on May 19, 2008. In either event, it was filed after the twenty-one-day period from April 16, 2008 expired.

[3] Rule 1:1 allows a trial court to retain jurisdiction over a case for twenty-one days after final judgment, during which time the court has the power to modify, vacate, or suspend the judgment. However,

> [n]either the filing of post-trial or post-judgment motions, nor the court's taking such motions under consideration, nor the pendency of such motions on the twenty-first day after final judgment, is sufficient to toll or extend the running of the 21-day period prescribed by Rule 1:1 . . . . The running of time under th[at] rule[] may be interrupted only by the entry, within the 21-day period after final judgment, of an order suspending or vacating the final order.

School Bd. of Lynchburg v. Caudill Rowlett Scott, Inc., 237 Va. 550, 556, 379 S.E.2d 319, 323 (1989) (citations omitted); see also Vokes v. Vokes, 28 Va. App. 349, 356-57, 504 S.E.2d 865, 869 (1998).

- 3 -

court." <u>Ohree v. Commonwealth</u>, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).  <u>See</u> Rule 5A:18.

Accordingly, Rule 5A:18 bars our consideration of Winfield's questions for the first time on appeal.  Contrary to Winfield's argument in her reply brief, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

For these reasons, we summarily affirm the circuit court's decision without addressing the merits of Winfield's questions presented.

<u>Affirmed.</u>