UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present: Judges Alston, Chafin and Senior Judge Haley


MEGAN BRACALONI

MEMORANDUM OPINION[*]

v.     Record No. 1722-14-2                                    PER CURIAM
                                                              JUNE 2, 2015

JOSHUA EDGE, JENNIFER LESLIE EDGE
  AND GREGORY EDGE


FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
Joseph J. Ellis, Judge

(Richard Camaur; Marzia Momen; The Camaur Law Firm, P.C., on
brief), for appellant.

(William C. Herbert, III; Gary D. Godman; Patricia Joshi, Guardian
*ad litem* for the minor child; Rappahannock Legal Services, Inc., on
brief), for appellee Joshua Edge.

(Thomas Woehrle; Rachel Bauer; Patricia Joshi, Guardian *ad litem*
for the minor child; Woehrle Franklin Dahlberg Jones PLLC, on
brief), for appellees Jennifer Leslie Edge and Gregory Edge.


        Megan Bracaloni (mother) appeals an order affirming a custody and visitation agreement

between her and Joshua Edge (father), Jennifer Leslie Edge (paternal grandmother), and Gregory

Edge (paternal grandfather).[1]  Mother argues that the circuit court erred by "entering the parties'

purported agreement without considering whether the provisions of the agreement were in the

child's best interest."  Upon reviewing the record and briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the decision of the circuit court.  See

Rule 5A:27.

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Paternal grandmother and paternal grandfather will be referred to collectively as the
paternal grandparents.

BACKGROUND

In July 2013, mother appealed a custody and visitation order from the Spotsylvania County Juvenile and Domestic Relations District Court that granted custody of the minor child to the paternal grandparents and visitation to mother and father.

The circuit court reappointed the guardian *ad litem* and set a trial date. At the request of mother's counsel, the trial date was continued from February 21, 2014 to August 15, 2014.

On August 11, 2014, all of the parties, their counsel, and the guardian *ad litem* negotiated and signed a custody and visitation agreement. The parties agreed that mother and father would have joint legal custody of their child and father would have primary physical custody. The agreement included a visitation schedule for mother and the paternal grandparents. Mother was represented by counsel during the negotiations and execution of the agreement. The parties filed the agreement with the circuit court. On August 22, 2014, the circuit court entered an order stating that the agreement was "made the Final Order in this case."

On August 15, 2014, mother filed a *pro se* letter with the circuit court. She asked the circuit court to "reconsider approving the signed settlement from August 11, 2014." She stated that she wanted "primary or sole custody" and felt that she was "under duress and forced to sign" the agreement. The record does not indicate whether the circuit court saw this letter prior to its entry of the August 22, 2014 order. On August 25, 2014, mother filed a second *pro se* letter with the court. She again expressed concern about the terms of the agreement and stated that she was "forced to sign" it.

The circuit court accepted mother's two letters as a motion to reconsider, and a hearing was scheduled for September 10, 2014, which was less than twenty-one days after the entry of

- 2 -

the final order.[2] See Rule 1:1. Mother retained new counsel on September 9, 2014, but counsel was not available for the September 10, 2014 hearing. At the hearing, the circuit court denied mother's request for a continuance in order for her counsel to be present because the court "would lose jurisdiction if the matter were to be continued to a date convenient to all counsel." Mother told the circuit court that "she felt pressured to sign the agreement" and had changed her mind about the terms of the agreement. She admitted that she had counsel at the meeting and had the opportunity to confer with counsel prior to signing the agreement. From the bench, the circuit court denied mother's request to reconsider its August 22, 2014 order. It found that there was "no evidence of fraud or duress." The circuit court also stated that "merely changing one's mind" was not a circumstance that warranted vacating the parties' agreement.

On September 16, 2014, mother filed a notice of appeal of the August 22, 2014 order. On September 23, 2014, mother filed a statement of objections to the August 22, 2014 order and denial of her motion to reconsider. On September 29, 2014, the circuit court entered an order denying mother's motion to reconsider. Mother did not appeal the September 29, 2014 order.

ANALYSIS

The paternal grandparents and father argue that mother did not preserve her assignment of error. We agree.

The circuit court entered the final order on August 22, 2014. Mother subsequently filed two *pro se* letters with the circuit court. The circuit court considered these letters as a motion to reconsider. Mother did not ask the circuit court to enter an order to stay, vacate, or suspend the August 22, 2014 order.

---

[2] The paternal grandparents filed a motion for attorney's fees. This Court will not address the motion, since the court's ruling on the motion was not appealed.

On September 10, 2014, within twenty-one days of the entry of the final order, the circuit court held a hearing on mother's motions. From the bench, the circuit court stated that it denied mother's motion to reconsider.

A trial court speaks through its written orders. See McMillion v. Dryvit Systems, Inc., 262 Va. 463, 469, 552 S.E.2d 364, 367 (2001); Anonymous B v. Anonymous C, 51 Va. App. 657, 672, 660 S.E.2d 307, 314 (2008).

The circuit court did not enter an order memorializing its ruling on mother's motion to reconsider until September 29, 2014, which was more than twenty-one days after the entry of the August 22, 2014 order. Mother's objections, filed on September 23, 2014, also were filed more than twenty-one days after the entry of the August 22, 2014 order.

Rule 1:1 states that all orders become final twenty-one days after their entry. In School Bd. of Lynchburg v. Caudill Rowlett Scott, Inc., 237 Va. 550, 556, 379 S.E.2d 319, 323 (1989), the Supreme Court of Virginia held:

> Neither the filing of post-trial or post-judgment motions, nor the court's taking such motions under consideration, nor the pendency of such motions on the twenty-first day after final judgment, is sufficient to toll or extend the running of the 21-day period prescribed by Rule 1:1 . . . . The running of time under [Rule 1:1] may be interrupted only by the entry, within the 21-day period after final judgment, of an order suspending or vacating the final order.

This Court later stated:

> "In order to toll the time limitations of Rule 1:1 . . . , it is not sufficient for the trial judge merely to express a desire to consider action or take the issue under advisement; rather, *the trial judge must issue an order modifying, vacating or suspending the [order] within twenty-one days of the entry of [the order]*."

Vokes v. Vokes, 28 Va. App. 349, 356, 504 S.E.2d 865, 869 (1998) (emphasis added in original) (quoting D'Alessandro v. Commonwealth, 15 Va. App. 163, 167, 423 S.E.2d 199, 201 (1992)); see also Cloutier v. Queen, 35 Va. App. 413, 420, 545 S.E.2d 574, 577 (2001).

- 4 -

In this case, the circuit court did not enter an order with its ruling regarding the motion to reconsider, nor did it enter an order that vacated or suspended the August 22, 2014 order, within twenty-one days of its entry. The circuit court lost jurisdiction over the matter after September 12, 2014, which was the twenty-first day after the entry of the final order. Therefore, this Court will not review the September 29, 2014 order and the circuit court's ruling on the motion to reconsider. Likewise, mother's objections were not timely filed and will not be considered.

Mother indicated that her assignment of error was preserved in her motion to reconsider and her statement of objections, which were not timely. Therefore, mother's assignment of error was not preserved and will not be considered.

*Attorney's fees and costs*

The paternal grandparents ask this Court to award them attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Having reviewed and considered the entire record in this case, we hold that they are entitled to a reasonable amount of attorney's fees and costs, and we remand for the circuit court to set a reasonable award of attorney's fees and costs incurred by them in this appeal.

CONCLUSION

For the foregoing reasons, the circuit court's ruling is summarily affirmed.[3] Rule 5A:27. We remand this case to the circuit court for determination and award of the appropriate appellate attorney's fees and costs, which also should include any additional attorney's fees and costs incurred at the remand hearing.

Affirmed.

---

[3] On April 28, 2015, the paternal grandparents filed motions to dismiss due to mother's failure to preserve her objections on the record and citation to material facts not in the record. Considering our ruling, the motions to dismiss are denied.