# Richmond.

FORBES AND OTHERS V. STATE COUNCIL OF VIRGINIA, JUNIOR
ORDER UNITED AMERICAN MECHANICS.

January 16, 1908.

Absent, Harrison, J.

1. APPEAL AND ERROR—*Jurisdiction of Court of Appeals—How Con-
ferred.*—The jurisdiction of this court is limited, and is prescribed
by the constituion of the state and the laws passed in pursuance
thereof, and the burden is upon him who invokes its authority to
establish its jurisdiction over the matter in controversy.

2. APPEAL AND ERROR—*Contempts—When no Writ of Error Lies.*—No writ
of error lies from this court to a judgment of an inferior court
imposing a fine upon a party to a suit for disobedience of its orders,
and directing his imprisonment in jail in default of the payment of
said fine. Such judgment is not within the purview of section 4053
or of any other section of the code. The theory seems to be that if
the order disobeyed is erroneous, the parties affected should appeal.
If it is right, it should be obeyed.

3. APPEAL AND ERROR—*Want of Jurisdiction—Expressions of Opinion—
Contempt.*—Where no writ of error lies from this court to the judg-
ment of an inferior court imposing a fine on a party for a contempt
of its judgment, the decision of the trial court that the acts of such
party amount to a contempt is final, and this court will not intimate
any opinion upon the subject.

4. APPEAL AND ERROR—*Contempts—Fine—Imprisonment—Liberty—Consti-
tution, Section 88.*—A judgment imposing a fine upon a party for
a contempt of court and giving him a reasonable time within which
to pay it, but providing that if it is not paid, he shall be imprisoned,
does not involve "the life or liberty of any person," within the
meaning of section 88 of the constitution. The judgment being for
a fine from which the party may relieve himself, does not deprive
the party of life or liberty.

Appeal from a decree of the Chancery Court of the city of Richmond, imposing a fine upon plaintiffs in error for contempt of court.

*Dismissed.*

The opinion states the case.

*Meredith & Cocke, Wm. L. Royal* and *B. D. White,* for the plaintiffs in error.

*S. A. Anderson* and *Christian & Christian,* for the common-wealth.

KEITH, P., delivered the opinion of the court.

The chancery court for the city of Richmond, in a cause therein pending, styled "*State Council of Virginia, Junior Order United American Mechanics of Virginia,* v. *National Council, Junior Order United American Mechanics of the United States of North America, and Others,*" upon the petition of the plaintiffs, issued a rule on the 20th day of February, 1907, against J. W. Forbes and others, summoning them to appear before that court on the 13th day of March, 1907, to show cause why they should not be fined and imprisoned "for a contempt of this court in disobeying, disregarding, and evading the decree of this court rendered on the 21st day of July, 1904, as affirmed by the supreme court of appeals of Virginia and the supreme court of the United States."

This rule was continued from time to time until the 8th day of May, 1907, and on that day came the defendants named in said petition and rule, except W. W. Sawyer, as to whom the said rule had been theretofore dismissed; and the matter being fully heard upon the petition, the rule, the answer of the several defendants, and upon certain affidavits and the various orders and decrees of the court, it was adjudged that the parties

were in contempt of court in disobeying its decree; and thereupon the chancery court of the city of Richmond, "desiring to compel obedience to said decree, doth adjudge, order and decree that the persons above named (against whom the rule was issued) be, and they hereby are, fined the sum of $20 each; and the same shall be paid by them, respectively, to the clerk of this court within thirty-five days from this date, and, in default of such payment, each of said persons shall stand committed to the custody of the sheriff of this city, to remain in jail until said sums be paid by them, respectively."

To that order a writ of error and supersedeas was awarded by this court.

We are met at the threshold of the case by a motion to dismiss the writ of error as having been improvidently awarded; the contention on the part of the State Council, Junior Order of United American Mechanics of Virginia, being that for a contempt, which consists of disobedience of a lawful decree of a court by a party to the suit in which the decree was rendered, no writ of error lies from this court.

This court is one of limited jurisdiction, and the burden is upon him who invokes its authority to establish its jurisdiction over the matter in controversy. *Harman* v. *City of Lynchburg,* 33 Gratt. 37. Its jurisdiction is defined by the constitution of the state and the laws passed in pursuance thereof; and in that constitution and those laws must be found its warrant for the whole jurisdiction which it exercises. Laborious investigation, therefore, into the sources of the common law, would shed but a feeble light upon the subject under discussion. To the law, then, as it is written, we shall turn for a solution of the question before us.

Section 4053 of the code of 1904 provides that "to a judgment for a contempt of court, other than for the non-performance of, or disobedience to, a judgment, decree, or order, a writ of error shall lie to the Supreme Court of Appeals."

The rule in this case was issued at the instance of the party who had prevailed in the litigation and obtained a decree in its favor. The petition upon which the rule was issued alleged that the defendants were disobeying the decree of the court. The judgment upon the rule finds them guilty of this offence. and enters judgment against them in order to compel obedience to the decree. The proceeding thus comes plainly within the fifth sub-division of section 3768 of the Code of 1904, which declares the cases in which courts and judges may punish summarily for contempt: "Disobedience or resistance of an officer of the court, juror, witness, or other person to any lawful process, judgment, decree, or order of the said court."

In support of the jurisdiction of the court plaintiffs in error rely upon the case of *Wells* v. *Commonwealth,* 21 Gratt. 500. In that case the circuit court of Bedford county issued a rule against Thorpe H. Nance, who was a party to a chancery suit in that court, and against H. H. Wells, his attorney, charging Nance with disobedience to its decree, and Wells with aiding, abetting and counseling him to disobey it. A judgment was entered against them by the circuit court of Bedford, by which they were sentenced to pay a fine of $50 each and to be committed to jail for ten days. From that judgment no writ of error seems to have been taken by Nance, but Wells brought his case to this court, and Judge Anderson, delivering its opinion, said: "The first question which meets us in this case is as to the jurisdiction of this court to review the judgment or sentence of the circuit court complained of. The power to fine and imprison for contempt is incident to every court of record. The courts of necessity have the power of protecting the administration of justice with a promptitude calculated to meet the exigency of the particular case. * * * And where it is not otherwise provided by statute 'the sole adjudication of contempt, and the punishment thereof, belongs exclusively, and without interference, to each respective court' "—citing in

support of this proposition the language of Mr. Justice Black-stone approved by Judge Story in *Ex parte Kearney,* 7 Wheat. (U. S.) 38, 44, 5 L. Ed. 391. "A commitment for contempt," continues the learned judge, "is a commitment in execution; and the judgment of conviction, unless the power to supervise is given by statute, is not subject to review in any other court, not even upon a writ of *habeas corpus"*—citing Hurd on *Habeas Corpus,* p. 412.

The statute fixing the jurisdiction of this court in contempt cases was at the time of that decision identical with section 4053, as also was the statute which declared the cases in which contempts might be punished summarily. See Code 1860, p. 801. Judge Anderson then points out that the language of the last-mentioned statute is much more comprehensive than the act which gave at that time the writ of error, for that act refers only to such judgments for contempt as are designed to enforce performance or obedience to a decree, and not to punish for an offense. To all other judgments for contempt of court, except for nonperformance or disobedience of a judgment, decree, or order, a writ of error will lie.

Coming, then, to a consideration of the facts as they appeared in the case of *Wells* v. *Commonwealth,* it seems that the judg-ment complained of in that case was not one to compel the per-formance of or obedience to a decree, but one for the punishment of an offense; and it was, therefore, held that the writ of error had been properly awarded. It seems to be plain that if Nance, who was party to the suit and was charged with disobedience to a decree of the court, and punished for it, had applied for a writ of error, it would have been denied. It was granted to his counsel, for he was not charged with disobedience to the decree. He was not a party to the suit. It had not com-manded him to do or to refrain from doing anything. He, therefore, could not have been guilty of an act of disobedience to the mandate of the court. The charge against him, for which

he was punished, was that he counseled disobedience to the decree; and so the court maintained its jurisdiction, and held that, where counsel acts in good faith and demeans himself honestly, he is not responsible for an error of judgment, and the case was reversed.

The offense denounced by the fifth subdivision of section 3768 is "disobedience * * * to any lawful process, judgment, decree or order," and the theory upon which section 4053 rests, in providing that a writ of error shall lie to this court to all judgments for contempt other than for the nonperformance of or disobedience to a judgment, decree, or order, seems to be that in such case the parties to the cause should either appeal from the judgment, decree, or order, if they felt aggrieved by it, or, if it was a lawful decree of order, it should be obeyed. It is true that in this view the statute fails to provide, it may be, for the very case of which plaintiffs in error complain. They concede, of course, for the purposes of their present contention, at least, the correctness of the decree with the violation of which they are charged; but they earnestly insist that they have been guilty of no act of disobedience to its requirements.

The chancery court was of opinion that the fact of disobedience was established, and entered its judgment imposing a fine upon them. We have not considered the evidence with a view to forming any opinion as to whether or not it is sufficient to support the judgment. If we have no jurisdiction to review it, it would be manifestly improper for us to intimate an opinion upon that subject.

Another contention is made by the plaintiffs in error, which rests upon the language of the constitution of 1902.

Article 6, section 88, in reference to the jurisdiction of this court, says in part: "Subject to such reasonable rules, as may be prescribed by law, as to the course of appeal, the limitation as to time, the security required, if any, the granting or refusing of appeals, and the procedure therein, it shall, by virtue of this

constitution, have appellate jurisdiction in all cases involving the constitutionality of a law as being repugnant to the constitution of this state or of the United States, or involving the life or liberty of any person.   * * *"

Conceding, for the purposes of this case, that the constitution operates *ex proprio vigore,* without legislative action, to confer jurisdiction on this court in all cases involving the life or liberty of any person, we think the language of the constitution falls short of maintaining the position of plaintiffs in error. The judgment complained of does not deprive them of life or liberty.   It imposes a fine, and they are given a reasonable time within which to pay it;and it is only in the event of their failure or refusal to pay it that they are to be committed to jail.   The imprisonment, then, would be, not the direct result of the judgment of the court, which by its terms imposes a fine upon plaintiffs in error for their diobedience to a lawful decree of the court.   The language of the constitution is not broad enough to cover the case before us.   It applies to every judgment involving the life or liberty of any person, but by force of the very terms employed excludes from its operation judgments which do not by their own terms involve life or liberty.

We are of opinion that this court has no jurisdiction to review the judgment complained of, and the writ of error is therefore dismissed.

*Dismissed.*