COURT OF APPEALS OF VIRGINIA

Present:   Judges Clements, Felton and McClanahan
Argued at Alexandria, Virginia


NICHOLAS P. MIHNOVETS
                                                 MEMORANDUM OPINION* BY
        v.        Record No. 2087-03-4        JUDGE ELIZABETH A. McCLANAHAN
                                                       AUGUST 31, 2004
SHARON ARNOLD MIHNOVETS


                   FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                                Joanne F. Alper, Judge

            Michael A. Ward for appellant.

            Richard J. Byrd (Byrd Mische, P.C., on brief), for appellee.


        Nicholas Mihnovets appeals a trial court decision awarding his former wife, Sharon

Mihnovets, $71,930.28 for spousal support arrearages.  He also appeals the court's decisions

finding him in contempt and awarding attorney's fees to wife.  Sharon Mihnovets asserts that this

appeal is untimely pursuant to Code § 8.01-675.3.

                                     I.  Background

        Husband and wife were divorced in 1987.  The final decree incorporated the parties'

Property Settlement and Support Agreement, which stated that the husband was to pay to wife

$700 per month until her death or remarriage and forty-five percent of his gross retirement pay

from the army.  The government paid the net amount of husband's retirement pay directly to

wife, and husband was responsible for the difference between the amount received by wife and

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

the amount owed.[1]  In July 1992, the court increased husband's spousal support obligation to $800 per month.  By November 1993, wife had been awarded a total of $25,652.98 in three separate judgments against husband for his failure to pay support payments as required by the final decree.  In December 1993, husband was found in contempt for failing to pay the full amount of support required by the court's orders.  From 1993 to 2003, husband failed to pay a total of $38,312.12 to wife, as ordered by the court.

In December 2002, husband filed, *pro se*, a motion to terminate his spousal support obligations because of changed economic circumstances.  Husband contended that in 1990, he retired from the army after twenty-six years of service and began working for the Defense Department for an annual salary of $119,000.  However, in October 2002, he was suspended without pay pending an investigation for an altercation with a co-worker.  Husband stated he could not return to work until the investigation was completed, but that he would lose his security clearance and be terminated if he sought alternative employment.  He claimed his only income as a result of the suspension was his retired military pay, less the amount paid directly to wife by the government, and unemployment insurance.  In response to husband's motion to terminate support payments, wife filed a petition seeking a Rule to Show Cause against husband.  She alleged that husband failed to make payments totaling $90,000, as required by the final decree and subsequent orders.

On February 19, 2003, the court heard argument on the respective pleadings.  Each party was represented by counsel.  During her testimony, wife presented a chart entitled "Arrearage on Gross Retired Pay Entitlement (GRPE)."  She testified that the chart categorized the arrearages into spousal support, child support, prior judgments against husband, and GRPE and showed the

---

[1] Husband's post-military civil service employment caused his net military pension to be automatically reduced by the Defense Finance Accounting Center.  However, the final decree required husband to compensate wife for any such loss.

interest due. The chart, which calculated husband's arrearages at $71,930.28, was entered into evidence without objection. Husband also did not object to the manner in which arrearages or interest was categorized. At the conclusion of the proceeding, the trial court refused to terminate husband's support payments and found him in contempt for failing to pay previous amounts of spousal support, in violation of the court's orders. Relying on wife's chart, the trial court found that as of February 1, 2003, husband was in arrears and owed wife a total of $71,930.28, including $38,312.12 in principal and $34,108.69 in interest.[2] The court imposed a thirty-day jail sentence against the husband, suspended until June 6, 2003, in order to provide husband an opportunity to "purge himself of the arrearages." The trial court also awarded wife attorney's fees. The court entered a written order of its findings on March 6, 2003, including continuing the contempt matter until June 6, 2003.

On March 27, 2003, husband filed a motion to reconsider, objecting to the court's award, specifically with regard to the calculation of interest owed. The trial court refused to consider the motion as untimely.

At a hearing on May 30, 2003, husband attempted to argue his motion to reconsider.[3] The trial judge initially stated, "I am not even going to consider a Motion to Reconsider. I am not going to allow a litigant filing something *pro se* when he still had counsel of record." In spite of that ruling, the trial court proceeded to hear detailed arguments from both parties on whether there actually was an error in the interest calculation. Husband argued that the court still retained jurisdiction and could correct any error. In response, the trial judge stated, "it strikes me that it is extraordinarily inequitable to even consider giving any equitable relief. But I will hear –

---

[2] The trial judge awarded $490 more than the total amount of arrearages for principal and interest. Appellant did not object to this miscalculation in circuit court nor does he raise it on appeal.

[3] This hearing was moved from June 6, 2003, due to scheduling conflicts.

I didn't mean to not let you finish." After this exchange, the court fully entertained the husband's motion that there was an error in the calculation of interest and allowed wife to respond to these arguments. When wife countered husband was attempting to re-open the matter based on newly discovered evidence, the judge responded, "No, I think he was arguing more an error. He said one or the other. I don't think he is arguing newly-discovered evidence." The judge eventually ruled any error in calculation of interest was waived because it was not raised at the February hearing. The court issued a final order on July 29, 2003, disposing of the matter once the parties had agreed to a payment plan.

## II. Timeliness of Appeal

Before turning to husband's questions on appeal, we first address wife's contention that the appeal is untimely pursuant to Code § 8.01-675.3. In pertinent part, Code § 8.01-675.3 provides that "notice of appeal to the Court of Appeals in any case within the jurisdiction of the court shall be filed within 30 days from the date of any final judgment order, decree or conviction." See also Code § 17.1-407; Rule 5A:6(a). Rule 5A:3(a) states that "[t]he times prescribed for filing the notice of appeal . . . are mandatory." Wife asserts that the March 6, 2003 order constituted a final judgment and, thus, the appeal filed by husband on August 11, 2003 is untimely.

Rule 1:1 of the Rules of the Virginia Supreme Court states:

> All final judgments, orders, and decrees . . . shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer. . . . The date of entry of any final judgment, order, or decree shall be the date the judgment, order, or decree is signed by the judge.

"Generally speaking, a final order for purposes of Rule 1:1 'is one which disposes of the whole subject, gives all the relief contemplated, provides with reasonable completeness for giving effect to the sentence, and leaves nothing to be done in the cause save to superintend

- 4 -

ministerially the execution of the order.'" James v. James, 263 Va. 474, 481, 562 S.E.2d 133, 137 (2002). See also Daniels v. Truck & Equip. Corp., 205 Va. 579, 585, 139 S.E.2d 31, 35 (1964) (citations omitted); Erikson v. Erikson, 19 Va. App. 389, 390, 451 S.E.2d 711, 712 (1994) (citations omitted). Although orders of a court may become appealable before they are final, they need not be appealed until final. Street v. Street, 24 Va. App. 14, 19, 480 S.E.2d 118, 121 (1997) (citing Weizenbaum v. Weizenbaum, 12 Va. App. 889, 903, 407 S.E.2d 37, 39 (1991)). A contempt order is appealable if it adjudicates all issues of guilt and imposes a sentence. Id. (citing Peet v. Peet, 16 Va. App. 323, 326, 429 S.E.2d 487, 489 (1993)).

In the instant case, the March 6, 2003 order was appealable because it resolved all issues of guilt regarding the contempt charge and imposed a sentence. However, it was not a final order because the sentence for contempt was left open for review on a date certain. See id. at 20, 480 S.E.2d at 121. The order stated that "the Complainant's thirty day jail sentence shall be further suspended to Friday, June 6, 2003, upon the condition, and so long as counsel for both parties attempt to come up with an agreeable payment plan in order for the Complainant to purge himself of the arrearages." Therefore, the issue of whether husband would have to serve a thirty-day jail sentence remained unresolved by the court. The March 6th order also clearly stated, "this matter is continued to June 6, 2003." Therefore, the March 6 order was not final, and the husband was not required to file a notice of appeal within thirty days of its entry. Code § 8.01-75.3.

The July 29, 2003 order signed by the judge was final because it contemplated no further review and left "nothing to be done in the case save to superintend ministerially the execution of the order." Williams v. Dean, 175 Va. 435, 439, 9 S.E.2d 327, 329 (1940); see also Rule 1:1. That order clearly incorporated the March 6th order and all subsequent orders and decrees of the court. Husband filed his notice of appeal on August 11, 2003, well within thirty days after the

entry of the July 29, 2003 final order. Accordingly, we hold the appeal is timely and complies with Code § 8.01-675.3.

### III. Calculation of Interest on Arrearages

Husband contends that the trial court incorrectly calculated interest on part of the principal, which accrued subsequent to November 1, 1993. Husband does not dispute that he owes $25,652.98 from three judgments entered against him and the accrued interest on these judgments subsequent to 1993. However, he argues that the court improperly calculated interest on arrearages from the wife's share of his GRPE before it was awarded by judgment. He claims $12,659.14 of the $38,312.12 principal awarded to wife included GRPE arrearages and that the trial court had no authority to award interest on GRPE arrearages from 1993 to 2003 because those funds were in the nature of support payments or a monetary award. While he did not object to the interest calculation at trial, husband did object by a motion to reconsider, which was argued at the May 30th hearing. At that hearing, the trial court ruled husband's objection to the interest calculation was not contemporaneous and the issue was, therefore, waived.

Wife contends we are barred by Rule 5A:18 from considering this argument. Rule 5A:18 states, "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling except for good cause shown or to enable the Courts of Appeals to attain the ends of justice." The contemporaneous objection rule, embodied in Rule 5A:18, is based on the principle that a litigant has the duty to provide the trial court with the opportunity to consider and correct a perceived error before such error is brought to the Court of Appeals for review. Reid v. Baumgardner, 217 Va. 769, 773, 232 S.E.2d 778, 781 (1977).

The grounds of an objection must be stated with specificity, and the objection must be timely made, in order for an issue to be considered on appeal. Smith v. Commonwealth, 10

Va. App. 592, 595, 394 S.E.2d 30, 31 (1990); Atkins v. Commonwealth, 13 Va. App. 365, 367 n.1, 412 S.E.2d 194, 196 n.1 (1991). Generally, an objection must be made at the time of the ruling in order to provide the court with an opportunity to remedy the error. Rule 5A:18; Redman v. Commonwealth, 25 Va. App. 215, 220, 487 S.E.2d 269, 272 (1997). A motion to reconsider, however, serves as a contemporaneous objection and meets the mandates of Rule 5A:18 if filed in a timely manner and if stated with specificity. See Newsome v. Newsome 18 Va. App. 22, 25, 441 S.E.2d 346, 347-48 (1994) (citation omitted); Lee v. Lee, 12 Va. App. 512, 515-16, 404 S.E.2d 736, 738 (1991). In this case, the objection, although made after the initial ruling, was preserved by the motion to reconsider.

At the February 19th hearing, the trial court considered the amount of interest that should be imputed to the arrearages. The court adopted the calculations on wife's chart and awarded her $71,930.28, without apportioning the interest due to the arrearages in spousal support, prior judgments, or GRPE. Although husband did not object at that time to the manner in which the court calculated interest, he did file a motion to reconsider on March 27, 2003, claiming the interest calculation was "flawed and faulty." Though wife contends the March 6th order was a final judgment in respect to the award of $71,930.28, the court unequivocally stated, "this matter is continued to June 6, 2003." At the May 30th hearing, in response to husband's objection to the interest calculation, the trial judge said, "but I think the Order says it's not a final Order." A final judgment was not entered until July 29, 2003.

In fact, husband's motion was fully considered by the trial court at the May 30th hearing, and could have been corrected at that time. When a motion to reconsider is both filed and ruled upon within the twenty-one-day period allowed by Rule 1:1, this Court has concluded that an assignment of error is preserved for appeal. See Smith v. Smith, 18 Va. App. 427, 432-33, 444 S.E.2d 269, 273-74 (1994); Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991);

- 7 -

Lee, 12 Va. App. at 515, 404 S.E.2d at 738. Therefore, the objection was timely, and we will consider husband's argument. See Campbell v. Commonwealth, 12 Va. App. 476, 480, 405 S.E.2d 1, 2 (1991) (*en banc*) ("[T]he trial court was adequately advised of the defendant's position, . . . it did consider the issue raised, and . . . it had the opportunity to take corrective action. Therefore, the purpose underlying the contemporaneous objection rule was fulfilled . . . .").

We now turn to husband's argument on the merits. Even assuming, as he contends, the $12,659.14 in principal that accrued subsequent to 1993 was only for arrearages in GRPE obligations, there is statutory authority for awarding interest on that amount. In a divorce action, Code § 20-107.3(G)(1) specifically grants a court the authority to "direct payment of a percentage of the marital share of any pension, profit-sharing or deferred compensation plan or retirement benefits" to a party. The final divorce decree specifically awarded wife a forty-five percent share of the GRPE. This award operated as a judgment against husband because it was for a specific portion of a marital property interest. That obligation was fixed and is not subject to modification. Furthermore, under Code § 8.01-426, the final decree is a judgment against husband. "A decree for land or specific personal property, and a decree or order requiring the payment of money, shall have the effect of a judgment for such land, property, or money, and be embraced by the word 'judgment.'" Code § 8.01-426. As a judgment, the trial court had authority to "provide for interest on the principal sum awarded, or any part thereof, and fix the period at which the interest shall commence." Code § 8.01-382. Thus, we hold that the trial court did not err in calculating interest on the GRPE arrearages.

IV.  Finding of Contempt for Violation of Previous Court Orders

Husband contends the court abused its discretion by concluding he was in contempt of court.  We disagree.  A court may find a party in contempt for "[d]isobedience or resistance . . . to any lawful process, judgment, decree or order of the court."  Code § 18.2-456(5).

> The power to punish for contempt is inherent in, and as ancient as, courts themselves.  It is essential to the proper administration of the law, to enable courts to enforce their orders, judgments and decrees, and to preserve the confidence and respect of the people without which the rights of the people cannot be maintained and enforced.

Carter v. Commonwealth, 2 Va. App. 392, 395, 345 S.E.2d 5, 7 (1986) (citations omitted).  See also Va. Const. art. IV, § 14; Gompers v. Buck's Stove & Range Co., 221 U.S. 418, 450 (1911); Nicholas v. Commonwealth, 186 Va. 315, 321, 42 S.E.2d 306, 309 (1947); Forbes v. State Council of Va., 107 Va. 853, 856, 60 S.E. 81, 82 (1908); Yoder v. Commonwealth, 107 Va. 823, 828-29, 57 S.E. 581, 585 (1907); Carter v. Commonwealth, 96 Va. 791, 807-08, 32 S.E. 780, 782 (1899); Wells v. Commonwealth, 62 Va. (21 Gratt.) 500, 503 (1871); Wilson v. Commonwealth, 23 Va. App. 318, 322, 477 S.E.2d 7, 8-9 (1996).  Upon a finding of contempt, a trial judge has discretionary power to enforce decrees of the court.  Code § 18.2-456.

> Courts are clothed with power and charged with the duty of maintaining the dignity of the law.  Decrees are mandates of the courts and courts must have power to enforce them if organized society is to be maintained.  The degree of punishment for contempt is within the sound discretion of the trial court.

Local 333B, United Marine Div. v. Commonwealth, 193 Va. 773, 786, 71 S.E.2d 159, 167 (1952).  An adjudication of contempt will be reversed "only if we find that [the court] abused its discretion."  Barnhill v. Brooks, 15 Va. App. 696, 704, 427 S.E.2d 209, 215 (1993) (citing Wells v. Wells, 12 Va. App. 31, 36, 401 S.E.2d 891, 894 (1991)).

The trial court found that husband had failed to comply with the terms and conditions of the final divorce decree.  In addition, it found that husband had ignored two subsequent orders

regarding the amount of GRPE to be paid to wife.  The court stated that wife's extensive records

regarding husband's history of support payments "showed to this Court's satisfaction that Mr.

Mihnovets had not paid and complied with the Court's Orders regarding payment, and there are

substantial arrearages."  The court also found husband consistently and knowingly underpaid his

required support obligation from 1993 to 1999, when he was fully employed, and that he chose

to pay his creditors rather than the arrearages he owed to wife.[4]  Moreover, after being threatened

with a thirty-day jail sentence, husband still failed to pay $2,375 of required payments from

February to May 2003.  The record shows the trial court did not abuse its discretion in

determining that husband violated previous orders, and it did not err in holding him in contempt.

## V.  Award of Attorney's Fees

Finally, husband contends the trial court abused its discretion by awarding attorney's fees

to wife.  Whether to award attorney's fees "'is a matter submitted to the sound discretion of the

trial court and is reviewable on appeal only for an abuse of discretion.'"  Kane v. Symczak, 41

Va. App. 365, 375, 585 S.E.2d 349, 354 (2003) (quoting Northcutt v. Northcutt, 39 Va. App.

192, 199-200, 571 S.E.2d 912, 916 (2002)).  "Judges presiding over contempt proceedings in

divorce suits have the discretion to award counsel fees."  Sullivan v. Sullivan, 33 Va. App. 743,

753, 536 S.E.2d 925, 930 (2000) (citing Carswell v. Materson, 224 Va. 329, 332, 295 S.E.2d

899, 901 (1982)).  "The key to a proper award of counsel fees [is] . . . reasonableness under all of

the circumstances revealed by the record."  McGinnis v. McGinnis, 1 Va. App. 272, 277, 338

S.E.2d 159, 162 (1985).  Wife incurred substantial attorney's fees in enforcing her legal rights,

and this expense is attributable to husband's recalcitrance.  Alig v. Alig, 220 Va. 80, 86, 225

S.E.2d 494, 498 (1979).  Based on husband's long history of defiance of the court's orders and

---

[4] Additionally, husband knew his filing for bankruptcy would shield him from those creditors.

his significant arrearages, the trial court's finding of contempt was not an abuse of discretion. Thus, we hold that the court did not err in awarding attorney's fees.

For the foregoing reasons, we affirm the ruling of the trial court.

<u>Affirmed.</u>